DAVID DAY, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

The power of a sheriff in the selection of attendants upon courts of Oyer and Terminer is limited by the statute (2 R. S., 289, § 83) to a selection from two classes of existing officers, viz., constables and marshals. He is not authorized to select persons who are neither for that service; and compensation is only provided for those who, being constables or marshals, attend the courts on the summons of the sheriff.

Accordingly, *held*, that one, who was not at the time either constable or marshal, appointed by the sheriff of the city and county of New York "a special deputy sheriff to assist in preserving the public peace, to attend the Court of Oyer and Terminer," could not receive compensation for his attendance upon said court under such appointment.

The present marshals in the city of New York answer the description of officers who may be summoned by the sheriff..

*Day* v. *The Mayor, etc.* (6 Hun, 92), reversed.

*People* v. *Holley* (4 Cow., 146) distinguished.

(Argued June 8, 1876; decided September 19, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 6 Hun, 92.)

This action was brought to recover compensation for attendance upon the Court of Oyer and Terminer of the city and county of New York.

It appeared that on the 11th January, 1871, plaintiff was appointed by the sheriff of the city and county of New York a special deputy, as recited in the appointment, " to assist in preserving the public peace, to attend the Court of Oyer and

Terminer." Plaintiff was not at the time either constable or marshal. Pursuant to the appointment he attended the sessions of said court an aggregate of 250 days, for which he claimed the compensation provided by section 1, chapter 820, Laws of 1869.

Defendant's counsel moved to dismiss the complaint on the ground, among others, that plaintiff was not a constable or marshal, and therefore was disqualified to be summoned by the sheriff to attend upon said court. The motion was denied and said counsel duly excepted.

The court directed a verdict for plaintiff for the amount claimed, to which defendant's counsel duly excepted. A verdict was rendered accordingly.

*D. J. Dean* for the appellant. The provision of the statute requiring only marshals and constables to be summoned is mandatory, and not merely directory. (*Marchant* v. *Langworthy*, 6 Hill, 646 ; *People* v. *Cook*, 14 Barb., 290 ; 8 N. Y., 67 ; Potter's Dwar. on Stat., 224–227 ; *U. S.* v. *Cas. of Han. Penals*, 1 Paine, 406 ; 6 Dane's Abr., 591–593 ; *People* v. *Schermerhorn*, 19 Barb., 558 ; *Sharp* v. *Spier*, 4 Hill, 76.)

*Wm. L. Findley* for the respondent. Plaintiff having attended the court pursuant to the directions of the sheriff, and having performed the duties which would have devolved upon a constable, was *pro hac vice* a constable, and is entitled to the fee allowed by law for such service by a constable. (Laws 1869, chap. 820 ; *People ex rel. Holly* v. *Suprs.*, 4 Cow., 146 ; *People ex rel. Curry* v. *Green*, 64 Barb., 504.)

Andrews, J. The sheriff is not entitled to a per diem compensation for attending the Oyer and Terminer or other criminal courts. This was decided in *Ex parte Minier* (2 Hill, 411). It was said in that case, that his attendance upon these courts was highly necessary, and it is clearly implied, from the duties which the statute imposes upon him in connection with them that he is to be present. But the statute

gives no specific compensation for this service. Fees are given to the sheriff for a variety of services rendered in matters growing out of the business of these courts, and as was suggested in *Ex parte Minier*, these may have been deemed sufficient compensation for his attendance. It is plain, also, that a deputy of the sheriff, who attends in place of the sheriff, can claim no compensation. His right to fees for services rendered as deputy, depends upon that of the sheriff whom he represents. When sheriff's fees are given by statute they are given to the sheriff, although the services may be rendered by a deputy.

The plaintiff, therefore, is not entitled to compensation for attending the Oyer and Terminer in his character as deputy sheriff. He was general deputy in 1871. In January of that year the sheriff appointed him a special deputy to attend the Court of Oyer and Terminer. As general deputy he could have performed the duty. Why the special appointment was made does not appear. He attended the Oyer and Terminer under this appointment, and sues to recover the per diem compensation given by statute to constables for attending courts of record, pursuant to a notice from the sheriff. (Sec. 1, chap. 820, Laws of 1869.) Section 83, volume 2, page 289 of the Revised Statutes declares, that it shall be the duty of the sheriff of each county, within a reasonable time before the sitting of any Circuit Court of Oyer and Terminer, to summon personally so many marshals, or constables of his county as he may have been directed to summon by the court or the presiding judge thereof, to appear and attend upon the said court during its sitting. If no direction shall have been given, the sheriff is to summon so many marshals and constables as he may deem necessary for the purpose. (§ 84.) The plaintiff was not a constable or marshal at the time of his appointment to attend the Oyer and Terminer, or afterwards. The claim made in his behalf is that by virtue of the appointment and service he was a constable *pro hac vice*, and as such is entitled to compensation.

The difficulty with the position is, that the power of the

sheriff under the statute, is limited in the selection of attendants from two classes of existing officers, viz. : Constables and marshals, and does not authorize him to select persons who are neither constables or marshals for this service. The original statute upon the subject is chapter 27, Laws of 1819. That contained a provision that marshals or constables not summoned, " shall not be bound to attend " the sittings of the court. This was left out of the revision, probably as unnecessary, it being no part of the general duty of marshals or constables to attend courts of record, but the insertion of this provision in the original enactment shows, that the legislature then intended by the words " marshals and constables," to designate existing officers, and their intention is equally apparent we think from the statute as it now stands. Other provisions of the statute confirm this conclusion. The statute defining county charges enumerates, among others, " the compensation allowed by law to constables for attending courts of record " (1 Rev. Stat., 385, § 3), and by chapter 429 of the Laws of 1847 (reported in 1864) the sheriff was directed to summon two constables to attend the terms of the Court of Appeals and of the Supreme Court. It is quite plain that the legislature, in both of these cases, used the word " constable " in its natural and ordinary sense, and that, under the act of 1847, only persons who were constables could be summoned.

We see no ground upon which the plaintiff's claim can be sustained. His actual appointment in connection with the Oyer and Terminer was that of special deputy sheriff. His services were rendered under that appointment. He was not a constable or marshal; the sheriff could not make him one. The statute provides for compensation to such persons only who, being constables or marshals, attend the courts on the summons of the sheriff.

The case of *People* v. *Holly* (4 Cow., 146) is not an authority for the plaintiff. The claimant in that case was, as is to be inferred, both deputy sheriff and constable, and having attended the Oyer and Terminer on the summons of the

sheriff, ready to serve as constable, was held to be entitled to his fees, although he performed no duty.

The claim that there were, at the time of the plaintiff's appointment, no constables or marshals in the city of New York, within the meaning of the Revised Statutes (assuming that, if true, it would relieve the plaintiff), is not well founded. The act (chap. 484, Laws of 1862) provided that constables elected or appointed after the passage of the act should be denominated "marshals," and should have the same powers and perform the same duties as constables. Up to this time two constables were elected in each ward of the city, who possessed the common-law, and most of the statutory powers, of constables in towns. These powers were not abridged by the fact that, by the metropolitan police act of 1860, policemen were invested with similar powers, except in respect of the service of civil process. When the constables were called marshals, it was a change of name, simply, and not of function. The marshals have special duties to perform in the Marine and other inferior courts of the city, but this does not necessarily interfere with their serving as attendants upon courts of record, upon the summons of the sheriff. If the public service is likely to suffer from want of a sufficient number of this class of officers to do the duty at the courts, the remedy is with the legislature. It is sufficient to say that the present marshals answer the description of officers who may be summoned by the sheriff under the Revised Statutes. It is not difficult to see that if the construction contended for by the plaintiff is sustained, and the sheriff may summon, as attendants upon the courts, his own deputies, or persons not holding office, and thereby constitute them constables or marshals, with a claim for compensation out of the public treasury, serious abuses may result.

We think the statute is plain, and that the plaintiff must fail in his action.

Judgment reversed and new trial ordered.

All concur.

Judgment reversed.