## SUPREME COURT.

JOHN GOFF and others agt. MICHAEL NOLAN, individually, and as mayor of the city of Albany.

*Municipal corporation — agreement by — Their power as to widening public streets — Court no power to review discretion of common council — common council's sole right to decide questions of parliamentary law — what interest of member not sufficient to make his vote void.*

No valid agreement can be made by the official representative of a municipal corporation which will, on a measure of public policy, bind their successors.

A common council has the sole right to decide all questions of parliamentary law.

A motion for a reconsideration of a vote upon the passage of a resolution, after a declaration by the presiding officer that it was lost, does not invalidate the vote taken upon it. If the resolution has been lost it is competent for the body to introduce it anew and pass it, and the mode, therefore, of changing their first action is entirely within their control.

The supreme court has no power to review the discretion of a common council as to the necessity of widening a street, and taking the property of an individual for that purpose.

That a certain alderman would be benefited, together with the general public, by the widening of a certain street, does not make his vote as to such widening void.

*Ulster Special Term, August,* 1881.

MOTION by plaintiffs for an injunction to prevent the widening of Bleecker street in the city of Albany.

*William H. King,* for plaintiff.

*Albert Hessberg,* for defendant.

WESTBROOK, *J.* — Without any elaboration the conclusions reached will be stated.

*First.* As to the alleged agreement with the corporation of the city of Albany that the property to be taken should remain a park, it is answered:

1st. That there is no evidence of any such agreement made with the corporation as such.

2d. No valid agreement can be made by the official representative of a municipal corporation which will, on a measure of public policy, bind their successors (*Dillon on Municipal Corporations* [3d ed.], secs. 445, 455, 457; *People* agt. *The Long Island Railroad Company and ano.*, 60 *How.*, 395, 408, 409, 412, 413; *Newton and ors.* agt. *Commissioners of Mahoning*, 10 *Otto*, 548).

*Second.* As to the objection made to Alderman Murphy's moving for a reconsideration of the vote upon the passage of the resolution to widen the street, after, as the plaintiffs allege, the same had been declared lost, it is clear:

1st. That such motion was made prior to the declaration of the result of the vote.

2d. If made after a declaration by the presiding officer that it was lost, it would not have invalidated the vote taken upon it. The question raised is one of parliamentary law, which the common council had the sole right to decide. If the resolution had been lost, it was competent for that body to introduce it anew, and pass it, and the mode, therefore, of changing the first action was entirely within their control (*People* agt. *Common Council of Rochester*, 5 *Lans.*, 11; *Commonwealth* agt. *Lancaster*, 5 *Watts*, 152).

*Third.* This court has no power to review the discretion of the common council as to the necessity of widening the street and taking the property of the plaintiffs for that purpose (*People* agt. *Smith*, 21 *N. Y.*, 595; *Brooklyn Park Commissioners* agt. *Armstrong*, 45 *N. Y.*, 234; *In Matter of Fowler*, 53 *N. Y.*, 60; *Matter of Deansville Cemetery Association*, 66 *N. Y.*, 596).

*Fourth.* Alderman Carey was not interested so as to make his vote void.

None of his property was taken. That which is proposed to be taken is between his lot and Bleecker street, and the effect of the widening will be simply to give him a frontage on said Bleecker street, and whether that will be a benefit to him or not is, at least, under the proof submitted, doubtful.

The question was simply a legislative one, whether the public interests required the widening of the street. The passage of· the resolution would not enable Carey to sell any property of his to the city, and with the compensation to the owners of the property taken, and its mode of payment, he has nothing to do.

If the widening of Bleecker street be really a public improvement, then every alderman voting for it was more or less benefited, and if the argument urged against the vote of Carey is sound, it can be made against every one cast. No adjudged case, which I have been able to find, sustains the objection, and if the principle upon which it rests be correct, it would be difficult to say how much of federal and state legislation, as well as that of villages and cities, would be nullified (*Steckert* agt. *The City of East Saginaw*, 22 *Mich.*, 104).

*Fifth.* The proof submitted by the defendants is ample to show that Alderman McCormick was present, and that the resolution was adopted by a legal vote.

*Sixth.* The motion for the injunction must be denied, with costs.