The President, Managers and Directors of the Delaware & Hudson Canal Company, Appellant, v. The Village of Whitehall et al., Respondents.

The word "track," in the provision of the act regulating "the construction
of roads and streets across railroad tracks" (§ 1, chap. 62, Laws of
1863), which authorizes the laying out of "any street and highway
across the track of any railroad," without compensation, signifies the entire
road-bed, including turn-outs and switches or other contrivances used for
passing engines or cars from one line of rails to another, or for public
traffic purposes.

Where, therefore, in an action to restrain defendants from laying out a
street across the lands of plaintiff, it was found that the *locus in quo* is
part of plaintiff's road-bed, "is five rods in width, is covered by four railroad
tracks, two of which are the main tracks,   *   *   *   and two of which are
extra tracks, extending several hundred feet   *   *   *   and are used in con-
nection with others for switching and making up trains, and for allowing
cars to stand upon them until they can be put into trains, about to depart,"
*held*, that the opening of the street across the land was authorized by
said act.

(Argued June 23, 1882; decided October 10, 1882.)

Appeal from judgment of the General Term of the Supreme
Court, in the third judicial department, entered upon an order
made May 3, 1881, which affirmed a judgment in favor of de-
fendants, entered upon a decision of the court on trial at Special
Term.

This action was brought by plaintiff to restrain the defend-
ants from opening a street across its lands, which street the
board of trustees of the village of Whitehall had laid out and

were proceeding to open, they claiming the right, under the act (Chap. 62, Laws of 1863), to open it across said lands, without compensation.

The court found: "That the land of the plaintiff which is embraced within said proposed street crossing is five rods in width, is covered by four railroad tracks, two of which are the main tracks of said railroad for the passing of cars, and two of which are extra tracks extending several hundred feet both to the north and south of the proposed street crossing, and are used, in connection with others, for switching cars, making up trains, and for allowing cars to stand upon them until they can be put into trains about to depart."

*Nathaniel C. Moak* for appellant. Unless defendants were entitled to lay out a public street or highway across plaintiff's grounds without compensation, it was entitled to the relief asked. A suit in equity and an injunction was a proper remedy. (*A. & N. R. R. Co.* v. *Brownell,* 24 N. Y. 345; *Henderson* v. *N. Y. C. R. R. Co.,* 78 id. 423, 429–439; *Mohawk, etc.,* v. *Artcher,* 6 Paige, 83, 88; *Allegany, etc.,* v. *Bradford, etc.,* 21 Hun, 26; *Johnson* v. *City of Rochester,* 13 id. 285; *Williams* v. *N. Y. C. R. R. Co.,* 16 N. Y. 97.) There being no dispute or conflict in the evidence, the conclusion upon it is a question of law for this court. (*Pollock* v. *Pollock,* 71 N. Y. 137, 140; *Shelden* v. *Shelden,* 51 id. 354, 355.) Without, and independent of, statute there was no right to lay the street across the plaintiff's track. (*Mohawk, etc.,* v. *Artcher,* 6 Paige, 83.) Certainly not without compensation. (*Old Colony, etc.,* v. *Plymouth,* 14 Gray, 155; *Crossley* v. *O'Brien,* 24 Ind. 325; *Grand Junction, etc.,* v. *Middlesex,* 14 Gray, 553.) Where land is used for purposes other than the ordinary purposes of a "track," chapter 62 of Laws of 1853, which is in derogation of the rights of the railway company, which owns and has paid for the track, does not apply. (*Albany & N. R. R. Co.* v. *Brownell,* 24 N. Y. 345; *B. & A. R. R. Co.* v. *Greenbush,* 52 id. 510; affirming 5 Lans. 461; *Milwaukee & St. Paul R. R.*

v. *Fairbault,* 23 Minn. 167.) A railroad may acquire such "additional" lands as are a "reasonable necessity in the discharge of its duty to the public," "in determining" which the prospective needs of the corporation, within a reasonable time, are to be taken into consideration; this includes all proper uses of land except the mere running of cars and transportation of freight and passengers. (*Matter of N. Y., etc.,* 46 N. Y. 546; *Matter of N. Y. C. & H. R. R. R. Co.,* 77 id. 248; 67 Barb. 426.) The property in question was under the protection of article 1, section 6, of the Constitution and could not be taken for other public use without just compensation. (*Railroad* v. *Brownell,* 24 N. Y. 345; *Railroad* v. *Village of Greenbush,* 52 id. 510; *Seneca Road Co.* v. *Auburn & R. R. R. Co.,* 5 Hill, 170; *Miller* v. *N. Y. & E. R. R. Co.,* 21 Barb. 513; *Matter of Kerr,* 42 id. 119; *Sixth Ave. Co.* v. *Kerr,* 45 id. 138.) The original grantee of the land in question (the Saratoga & Washington Railroad Co.) was empowered by law to take a fee therein. (Laws of 1834, chap. 249; *Nicoll* v. *The N. Y. & E. R. R. Co.,* 12 N. Y. 121; *People* v. *Health Comm'rs,* 5 Denio, 389, 398–400; *Yates* v. *Van De Bogert,* 56 N. Y. 526; *Page* v. *Heinburgh,* 40 Vt. 81; *Plymouth Ry. Co.* v. *Colwell,* 39 Penn. St. 337; Laws of 1850, chap. 140, § 28, subds. 2, 3; *Gamble* v. *Horr,* 40 Mich. 561.

*II. D. W. C. Hill* for respondent. Ample power was conferred upon defendants by section 17, chapter 76, Laws of 1850, and section 18 of same chapter, as amended by section 8, chapter 471, Laws of 1869, to lay out and open the street in question. (*Wilson* v. *Mayor, etc., of New York,* 1 Denio, 595; *Mills* v. *The City of Brooklyn,* 32 N. Y. 496.) The term "track," specified in chapter 62, Laws of 1853, may include one or more single tracks, including turnouts and switches, and including all tracks (and the grounds connected therewith) that are jointly or collectively used for passing trains, switching off cars, making up trains, and includes all in what may be denominated the general roadway. (*B. & A. R. R. Co.* v. *The Village of Greenbush,* 52 N. Y. 510; *The A. &*

*N. R. R. Co.* v. *Brunell,* 24 id. 345 ; *The Sixth Ave. R. R. Co.* v. *Kerr,* 45 Barb. 138 ; *R. & S. R. R. Co.* v. *Davies,* 43 N. Y. 143.) Plaintiff stands in no more favorable position because its title is, as it claims, " a title in fee" of such as it has actually reduced to possession. (*B. & A. R. R. Co.* v. *The Village of Greenbush,* 5 Lans. 461; affirmed, 52 N. Y. 510; *Smith* v. *N. Y. & Oswego M. R. R. Co.,* 63 id. 58; *Bradley* v. *B., N. Y. & E. R. R. Co.,* 34 id. 432; *Tracy* v. *T. & B. R. R. Co.,* 38 id. 437 ; 5 Lans. 465, 466 ; 52 N. Y. 510 ; 24 id. 345; 42 Barb. 119, 121; 45 id. 138.)

DANFORTH, J. The statute (Chap. 62, Laws of 1863), regulating " the construction of roads and streets across railroad tracks," and the interpretation heretofore given to it by this court (*Albany N. R. R. Co.* v. *Brownell,* 24 N. Y. 345 ; *Boston & Albany R. R. Co.* v. *President and Trustees of the Village of Greenbush,* 52 id. 510) requires the affirmance of the judgment. The statute (*supra*) makes it lawful for the authorities of certain municipalities, among whom are the defendants, " to lay out any street or highway across the track of any railroad," then laid, or which might thereafter be laid out, " without compensation to the corporation owning such railroad," makes it the duty of the corporation to cause the street or highway to be taken " across their tracks " (§ 2), and for neglect in causing the necessary work to be done and completed on such streets or highways "across their road," imposes a penalty. There is also reference to the provisions of section 24 of the General Railroad Act (act of 1850, chap. 140) relating to crossing or intersection of a highway by the track of a railroad company, and they are made applicable to streets and highways thereafter laid out.

From these enactments it is apparent that the " track " spoken of in the act of 1863 (§ 1, *supra*) is the same thing as the track specified in section 24 of the act of 1850, and signifies the entire road-bed, and not merely the iron or railway. If, therefore, there are within its limits, and between the lines of any proposed street or highway, switches, or

points, or other contrivance for passing engines or cars from one line of rails to another, it could not prevent the laying out of a street or road, under the act in question.

Nothing more appears here. The land with which interference is threatened is part of the road-bed, or track; is neither depot-grounds nor improved property, except for track, or public traffic purposes, and is within the letter of the statute. "It is," finds the trial court, "five rods in width, is covered by four railroad tracks, two of which are the main tracks for the railroad for the passing of cars, and two of which are extra tracks extending several hundred feet, both to the north and south of the proposed street crossing, and are used, in connection with others, for switching cars, making up trains, and for allowing cars to stand upon them until they can be put into trains about to depart," and these premises, so used, are characterized as "more like a yard for the transfer of cars than depot-ground."

This description of the *locus in quo* brings the case almost literally within those above cited, especially the Greenbush case. That decision is put entirely upon the act of 1863, and is to be followed. The map, as well as the finding, shows that the tracks thus spoken of are used neither exclusively nor substantially for storing cars. So far from being ground upon which tracks are laid for storing cars, it is part of the roadway taken for public travel and carriage, and the tracks are evidently mere turnouts or switches furnishing passage, but where trains may also be made up, and cars transferred. They are appropriately termed by the trial court, "extra tracks." But they are laid on land acquired by the corporation for the purpose of locating the track, and for this purpose solely, and although it may prevent facilities for approaching water-tanks and engine-houses, the street will cross no ground acquired for such purposes, and it may, we think, be laid out without compensation to the plaintiff. To hold otherwise would enable a railroad company, by a judicious adjustment of switches, turnouts, turn-tables, water-tanks and other accessories of its roadway or business, so to control its whole way

as to exclude a new street or highway crossing at any point along its line.

We have here turnouts, or extra tracks of great length; the same doctrine which would protect them against the proposed public improvement would apply if their length should be indefinitely extended, and such a result shows the manifest injustice to the public which the conclusion contended for by the appellant would occasion, if adopted by us. Upon the plain reading of the statute and the authority of the decisions cited, the case is justly with the respondents, and we find no case cited by the appellants, nor any point made in their behalf, which require us to take it from them.

The judgment should be affirmed.

All concur.

Judgment affirmed.