Lewis, Ward and Davy, JJ., concurred.

Judgment reversed and new trial granted before another referee, costs to abide the event, unless the plaintiff stipulates to reduce the recovery, exclusive of costs, to $812.51, and in that event the judgment be so modified, and as modified affirmed, without costs of this appeal to either party

---

Geneva and Waterloo Railway Company, Respondent, *v.* The New York Central and Hudson River Railroad Company, Appellant.

*Steam railroad — order directing its intersection by a street railroad — statutory regulation of corporate franchises — title to railroad lands — public easement.*

The statute known as the "Railroad Law" (Chap. 565 of the Laws of 1890), under which a street surface railroad may cross a railroad operated by steam, does not make the right to an order directing the crossing and intersection dependent upon the appointment of commissioners, but declares the right of the petitioner to such order when an answer to the petition has been interposed.

The purpose of the statute in permitting an application for such order at the time when an answer is interposed to the petition is to enable a street railroad company to avoid the delay in laying its tracks which would otherwise result from the raising of issues for trial; and, in order to vacate such an order, the defendant must show by affidavit or otherwise that the proceedings have been in some respect irregular or not authorized by the statute.

The intersection made pursuant to an order made on such petition is for the time being provisional, and its permanency depends upon the result of the pending proceedings.

The reserved power of the State to alter, suspend or repeal the charter of a corporation subjects its franchise to legislative regulation. Such a corporation may be required by statute to assume burdens in relation to the operation of its road with a view to the safety or convenience of the public; and it may be required without compensation to allow streets and highways to be laid out, opened and used by the public across the land occupied by its tracks.

The title to land taken for railroad purposes is limited to its use by the corporation for a railroad and amounts, therefore, to a limitation for a public use, and

the exercise of legislative power over it for the public benefit is not to be deemed taking of property, within the meaning of the Constitution, so as to require compensation to be made therefor.

Where a railroad corporation has laid its tracks across a highway, it has there only an easement to be enjoyed in common with the public, and the intersection of its tracks by those of a street railroad is an act in the interest of the public and does not in any substantial manner interfere with the use of the highway by the railroad which first laid its tracks thereon.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Seneca on the 20th day of March, 1895, denying the defendant's motion to vacate an order permitting the plaintiff to lay the tracks of its railroad across the roadbed and tracks of the defendant's railroad.

*Albert H. Harris*, for the appellant.

*Charles A. Hawley*, for the respondent.

BRADLEY, J. :

The plaintiff, a corporation created and organized pursuant to the " Railroad Law " (Chap. 565 of the Laws of 1890) to construct and operate a street surface railroad in North street, and the highway which is a continuation thereof, from the village of Geneva into the village of Waterloo, obtained the requisite consents of the abutting property owners and proceeded to lay its tracks in such street and highway. The completion of its railway required the intersection of the defendant's railroad which crosses that highway. The plaintiff, being unable to agree with the defendant as to the manner of or compensation for the crossing, applied, upon petition, to the court for the appointment of commissioners.

The defendant thereupon, by answer to the petition, raised issues which were sent to a referee for trial. Thereafter, upon application of the petitioner, the court, by order, permitted it to lay its tracks across and to intersect, upon the surface of such highway, the roadbed and tracks of the defendant, and directed the latter to allow it to be done, and approved the petitioner's bond and sureties in that behalf. This order and the bond so approved were made pursuant to, and in compliance with, the statute. (Laws 1893, chap. 239.)

The question whether it was within the legislative power to grant such right to a street surface railway company was determined in the affirmative by the court in *Buffalo, etc., R. R. Co.* v. *N. Y., L. E. & W. R. R. Co.* (72 Hun, 587). So far as that case is applicable to the present case it is authoritative here.

The fact that commissioners had been appointed in that case and not in the one at bar when the order was made is a distinction urged as constitutionally vital, for the reason that in the one case there had been a judicial recognition of the right of the plaintiff to construct a street railway for a public purpose, while in the present case there had been no judicial action to that effect, but that the question in that respect was still an open one, and the legitimacy of the purpose remained a matter for controversion by the defendant on the trial of the issues raised by its answer.

The statute, however, does not make the right to the order directing the crossing and intersection dependent upon the appointment of commissioners, but declares the right of the petitioner to the order when an answer to the petition is interposed. Before occasion can arise for obtaining such an order the street surface railway company must have become a corporation organized for the purpose of the construction and operation of its railroad, and must have served its petition with notice of the application for the appointment of commissioners, pursuant to the statute. The defendant railroad company is thus brought within the jurisdiction of the court, and subject to such proceedings as the statute permits the petitioner to take, amongst which is the application in the event there mentioned, for the order giving the right to make the intersection by laying the tracks of the petitioner's street railroad, the route of which is described in the petition, corresponding in length and termini with the description in that respect in the certificate of incorporation. And, so far as appears here, the organization of the petitioner as a corporation, and the preliminary proceedings following it, were regular and valid. It may be seen that its purpose is legitimate. The stage of the proceeding, lawfully conducted, at which the granting of such an order as that in question may be authorized, after the defendant by such proceeding is brought by it into the jurisdiction of the court, is not important, so far as relates to the question of legislative power. We are not advised of the

matters alleged in the answer. The issues, whatever they are, do not defeat the petitioner's right given by the statute to the order. The purpose of the statute in permitting the application for it when an answer is interposed to the petition, evidently was to enable a street railroad company to avoid the delay in laying its tracks, which otherwise would be consequent upon thus raising issues for trial. And to vacate the order in such case it is essential that the defendant make it appear by affidavit or otherwise that the proceeding has been in some respect irregular or not authorized by the statute. Nothing whatever to that effect was made to appear in the papers upon which the .motion to vacate the order in question was made. We are not dealing with the wisdom of legislation, but with its power. And in that respect there is no apparent reason for the distinction before mentioned.

The intersection made pursuant to such an order in either case is, for the time being, provisional, and its permanency is dependent upon the result of the pending proceeding of the petitioner. By the reserved power to alter, suspend or repeal the charter of a corporation (1 R. S. 600, § 8; Const. art. 8, § 1) its franchise is subject to legislative regulation. The relation of railroad corporations to the public is such that they may in its behalf be by statute required to assume burdens having relation to the operation of their roads and with a view to the safety or convenience of the public. (Laws 1874, chap. 648; *People ex rel. Kimball* v. *B. & A. R. R. Co.,* 70 N. Y. 569.)

And by legislative enactment they may be required, without compensation, to allow streets and highways to be laid out, opened and used by the public across the land occupied by their tracks. (Laws 1853, chap. 62; *Albany N. R. R. Co.* v. *Brownell,* 24 N. Y. 345; *Boston & A. R. R. Co.* v. *Village of Greenbush,* 52 id. 510; *D. & H. C. Co.* v. *Village of Whitehall,* 90 id. 21.)

The statute last cited and others having the support of judicial authority, illustrate somewhat the limitations applicable to the tenure of lands taken by a railroad corporation and upon which its tracks are laid. The title so taken is limited to the use of the corporation for the purpose of its railroad, and that is a public use. And the exercise of the legislative power to which such corporation is subject for the benefit of the public may not be deemed the taking of prop-

erty in the sense which requires provision for compensation for contitutional support. Such was the case of *The Albany Northern R. R. Co. v. Brownell*, where Judge DENIO said : " The property of the railroad is not taken away from the proprietors, who are still allowed to use it for all the purposes for which it was acquired from the original owner. Nor is there anything unlawful in obliging the railroad company to make the necessary excavations or embankments for taking the highway across the railroad."

The question in the present case has relation to the right of the petitioner derived from the statute to lay its tracks on the surface of a public highway across the land occupied by the defendant's tracks, also laid on the surface of the highway. The defendant to that extent has there an easement in common with the public. The intersection and contemplated use by the petitioner, as authorized by the statute, are for the benefit of the public and are consistent with the continued use by the defendant of its railroad and without any substantial interference with such use by it.

It is unnecessary to further consider the question whether the intersection of the defendant's road by that of the petitioner as authorized by the statute and directed by the order, is a taking of property of the defendant in the constitutional sense of the term, since it was held by the court in *Buffalo, etc., R. R. Co. v. N. Y., L. E. & W. R. R. Co.* (72 Hun, 587) that it was within the legislative power to permit such intersection and crossing without the allowance of compensation, and for that reason it is in this, as it was in that case, held that the question whether or not the statutory provision for security for the payment of compensation furnishes the requisite certainty for that purpose, does not necessarily arise for consideration.

The order should be affirmed.

DAVY, WARD and LEWIS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.