been performed. It is assumed that the agent or trustee has means of knowing, and does know, what the principal or cestui que trust, cannot know, and is bound to reveal the entire truth. Marvin v. Brooks, 94 N. Y. 71. It is not necessary in such a case as this that the plaintiff should show that there will be something found due to her on the accounting. That fact can never be known with certainty until the account has been taken. The right to this accounting results from the facts that the fiduciary relation has been created and assumed by the agent or trustee, and that the principal or cestui que trust is not informed, and does not know, what has been done with reference to the property or property interests confided to the agent or trustee.

We do not think the surrogate's decree is a bar to the accounting sought in this action. The accounting before the surrogate was as to the property that came to the hands of the defendant as administrator, and was based upon the inventory made and verified by the defendant. It did not purport to relate to the property or property interests involved in this action. The agreement between these parties was, in effect, that the defendant should take any and all proceedings necessary, and do any and all things essential, not only to secure his own, but also his sister's (the plaintiff's), interest in the property, equitable or otherwise. The accounting is to be had under the agreement with reference to this property, and is to be an accounting between these parties as individuals, and not by the defendant as personal representative of his father's estate.

There was no adjudication upon the accounting before the surrogate as to this property or the property rights here involved. Certainly, there could have been no adjudication as to interests in real property, because the administrator had nothing to do with such interests; and, until the accounting is had, it will not be known whether any of the property interests as to which an accounting is had are in the nature of real property. The surrogate's decree is conclusive upon the parties only so far as it is declared to be by the provisions of Code Civ. Proc. § 2742, etc.; and we are aware of no provisions making it conclusive as evidence, or as a judgment with reference to the questions involved in this action.

Our conclusion is that the trial court erroneously dismissed the complaint in this action, and that the judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.

---

GENEVA & W. RY. CO. v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1897.)

1. STREET RAILROADS—CONSENT—CROSSING OTHER ROADS.
Where a street railway has not obtained the consent of the local authorities having control of the highway and the property owners abutting thereon to the building of a street railroad thereon, as provided by Railroad Laws, § 91, it cannot maintain an action to determine the manner and the compensation for crossing another railroad, under Laws 1890, c. 565, § 12.

**2. SAME—CONSENT OF VILLAGE.**

The commissioners of highways of a village, by an instrument in writing signed and acknowledged by them and duly filed in the county clerk's office, consented to the construction of a street railway in the highway to connect the village with another town. The instrument recited that, before acting on the application, public notice was given thereof, fixing the time and place of considering it, by a notice published according to law, for at least 14 days, in a newspaper published in the village. *Held,* that the instrument complies with the provisions of section 19 of the railroad act.

**3. SAME—NOTICE.**

It will be presumed that the notice was properly published, in the absence of proof to the contrary.

**4. SAME.**

Where a railway is to be built from within one village to within another, consent to build in the streets by the local authorities of one village is sufficient for the construction of the road in their village, without proof of the consent of the local authorities of the other.

**5. SAME—CONSENT—ASSIGNMENT.**

Consent of the requisite number of abutting property owners to the construction of a railway on a highway, given to certain individuals, and by them assigned to a corporation, is not a valid consent to a building of a track by such corporation, within the railway laws.

**6. RES JUDICATA.**

An action was maintained against F. Ry. and N. Y. R. R. to determine the manner of and compensation for crossing the G. Ry. tracks, over which the F. Ry. and N. Y. R. R. ran trains. *Held,* that the action taken in that case was not binding on the N. Y. R. R. in an action to determine the manner of and compensation for crossing another railway, a short distance therefrom, brought by the same plaintiff, and in which the N. Y. R. R. had an interest.

**7. APPEAL—CONSOLIDATION OF CAUSES.**

The practice regulating the hearing of appeals does not permit two independent cases to be incorporated in one appeal book.

Appeal from judgment on report of referee.

Action by Geneva & Waterloo Railway Company against the New York Central & Hudson River Railroad Company. From a judgment in favor of the defendant, plaintiff appeals. Affirmed.

This proceeding was begun January 18, 1895, to have determined the mode in which the plaintiff's street railroad should cross the defendant's steam railroad in the town of Waterloo, N. Y., and the amount of compensation to be made therefor, pursuant to section 12 of chapter 565 of the Laws of 1890 (the "Railroad Law"), which provides that in case the line of an existing railroad is intersected by the line of a new railroad, and the two corporations are unable to agree on the mode of crossing or on the amount of compensation to be made therefor, the mode of crossing and the compensation therefor shall be determined by commissioners appointed by the court. The plaintiff was incorporated March 18, 1893, under the railroad law, for the purpose of constructing and operating a street surface railway, seven miles in length, from a point in North street, in the village of Geneva; thence easterly, in said street, to the east bounds of that village; thence easterly, along the highway in the town of Waterloo, to the west end of Main street, in the village of Waterloo; thence easterly, along said street in said village, to a point known as "Fox's Crossing." The length of the line in either of the villages or the length of the line in the town of Waterloo does not appear. It was alleged in the petition and proved on the trial that the corporations are unable to agree as to the mode of crossing, or as to the compensation which shall be paid by the plaintiff to the defendant for the right to cross. The defendant answered, and alleged, among other things, that the plaintiff had not obtained the consents of the owners of the property abutting on the street or highway, or the consent of the local authorities having the control of that portion of the street or highway on which the plaintiff proposed to construct and operate its railroad, as pro-

vided by section 18 of article 3 of the constitution of this state, and by section 91 of the railroad law. This allegation in the answer presents the only questions raised on this appeal. By an order entered January 30, 1895, the issues joined by the petition and answer were referred to a referee to hear and determine, who found as a fact that the plaintiff, prior to the beginning of this proceeding, had not obtained the requisite consents of the owners of property bounded on that part of the public road through which the plaintiff's street railroad is proposed to be built, or the consent of the local authorities having control of that portion of the road; and, as a conclusion of law, that such consents by the property owners and by the local authorities were conditions precedent to the right of the plaintiff to maintain this proceeding. Upon this report a judgment was entered February 26, 1897, dismissing the proceeding, with costs, from which the plaintiff appeals.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Charles A. Hawley, for appellant.

Albert H. Harris, for respondent.

FOLLETT, J. The plaintiff's road has been constructed and is in operation between the termini mentioned in the preceding statement of facts, running its cars over defendant's tracks. It appears by a report of this case in 90 Hun, 9, 35 N. Y. Supp. 339, and 152 N. Y. 632, 46 N. E. 1147, that March 20, 1895, an order was entered denying the defendant's motion to vacate an order previously made by the special term, pursuant to chapter 239 of the Laws of 1893, permitting the plaintiff to lay its tracks across defendant's road upon giving an undertaking as prescribed by that act. This order was affirmed by the general term (90 Hun, 9, 35 N. Y. Supp. 339), and by the court of appeals on the opinion of the general term (152 N. Y. 632, 46 N. E. 1147). In considering the appeal from that order it was held that it appeared that the plaintiff was duly organized, had served its petition for the appointment of commissioners, and that, so far as it appeared, the organization of the plaintiff and the preliminary proceedings following it were regular and valid, and that it was in a position to insist upon its statutory right to cross the defendant's tracks. The effect of these adjudications would seem to be that the plaintiff was in a position to enforce the statutory right of a new railroad to cross an existing one, and that nothing was left for determination except the mode of crossing and the compensation to be paid therefor. However, these orders are not contained in the record before this court, which has no knowledge of their terms, and it is not asserted by the plaintiff that by these orders its right to cross defendant's tracks has been established in this very proceeding. It may be that the questions now presented were expressly reserved by these orders. These orders not being a part of the record, no effect, by way of estoppel, can be given to them.

It must, I think, be regarded as settled by the decisions of the courts of this state that the consents of abutting owners and of the local authorities prescribed by the ninety-first section of the railroad law are conditions precedent to the right of the plaintiff to maintain this proceeding. In re Saratoga Electric Ry. Co., 58 Hun, 287, 12 N. Y. Supp. 318; In re Rochester Electric Ry. Co., 57 Hun, 56, 10 N. Y. Supp. 379, affirmed 123 N. Y. 351, 25 N. E. 381; Colonial City

T. Co. v. Kingston City R. Co., 15 App. Div. 195, 44 N. Y. Supp. 732, affirmed 153 N. Y. 540, 47 N. E. 810. The case first cited was to fix the mode of and compensation for crossing the tracks of the Delaware & Hudson Canal Company by the plaintiff in a street in which the plaintiff constructed a street railroad. Commissioners were appointed by the special term, but the order was reversed by the general term, because it was not alleged in the petition that the plaintiff had acquired the consents of the abutting owners on the street crossed by the defendant, and in which the plaintiff proposed to construct its street railroad. The second case cited was a proceeding to acquire by condemnation the lands of a private owner lying within the bounds of a public highway, for the purpose of constructing a street railroad. Commissioners were appointed by an order of the special term, which was reversed by the general term, and the decision of the general term was sustained by the court of appeals, on the ground that, before proceedings could be instituted to acquire an easement in land in a highway, the plaintiff must allege that it had obtained the consent of the local authorities having control of that portion of the highway upon which it was proposed to construct or operate such street railroad; that such consent was a condition precedent to the right to maintain the proceeding. The last case cited was a proceeding, under section 102 of the railroad law, by a street railroad to fix the compensation which it should pay for the right to run for 870 feet on the tracks of the defendant, another street railroad, in Broadway, in the city of Kingston. The special term made an order appointing commissioners to determine the compensation which should be paid by the plaintiff to the defendant for the use of its tracks, which was reversed by the general term, and its decision was sustained by the court of appeals, on the ground that the proceeding could not be maintained without first acquiring the consents of the local authorities having control of that street, and of the owners of property abutting thereon, that the plaintiff might use the 870 feet of track of the defendant in that street. It is distinctly stated by the court of appeals that these consents are conditions precedent to the right of the plaintiff to maintain the proceeding. It is true that the application in the case at bar is made under section 12 of the railroad act, while the application in the Kingston Case was made under section 102 of the same act. But I am unable to see any reason for a distinction between steps which must be taken, under the statute, in order to entitle a plaintiff to have commissioners appointed to fix the mode of, and the compensation to be paid for, crossing another road, and the application to determine the compensation which the plaintiff shall pay to another railroad for running a short distance on its tracks.

The questions now arise, had the plaintiff acquired before this proceeding was begun the consent of the local authorities having charge of the highway, and the consents of the owners of property abutting on the highway? March 21, 1894, the three commissioners of highways of the town of Waterloo, by an instrument in writing signed and acknowledged by them, and filed April 10, 1894, in the office of the clerk of the county in which that town is situated, con-

sented to the construction by the plaintiff of a street railroad in the highway extending from the west boundary of the town of Waterloo eastward to the west boundary of the village of Geneva, said highway being a continuation of and connecting North street, in the village of Geneva, with Main street, in the village of Waterloo. This order or determination recites that, before acting upon the application, the commissioners gave public notice thereof, and of the time and place when and where it would be first considered, by a notice published according to law for at least 14 days, in a newspaper published in the town of Waterloo. This recites a compliance with the provisions of section 91 of the railroad act, regulating the proceedings of local authorities in determining the question. It is urged by the defendant that there was no proof of the publication of the notice which, by section 91, must be published. The highway commissioners were public officers engaged in the discharge of a public duty, and, in the absence of proof to the contrary, it will be presumed that they discharged those duties in the mode pointed out by the statute. The recital in the order was prima facie evidence of the steps taken, and it is conclusive unless rebutted by proof, the burden of which was on the defendant. The determination of the commissioners does not deprive any individual of a private right. The rights of individuals are otherwise protected, and the determination simply affects the rights of the public, which are committed to the charge of the commissioners, and the cases holding that, in proceedings under statutes to devest the title of one person and transfer it to another, not only must the practice prescribed by the statutes be strictly pursued, and that the recitals in such proceedings of the regularity of practice therein are not evidence against owners of property, are not in point.

It is also contended in behalf of the defendant that the plaintiff was bound to show that it had obtained the consents of the local authorities of the villages of Waterloo and Geneva to the construction of the railroad in the streets of those villages. This contention cannot be sustained. By the ninety-first section of the statute it is provided that the authorities in villages may consent to the construction of a proposed railroad in the streets of villages, and that in towns commissioners of highways are the local authorities referred to in respect to highways, and that their consents shall be obtained. The authorities of a village cannot consent for the authorities of a town, nor vice versa, and the consent of one set of authorities is in no wise dependent upon the consent of another set of authorities; and I am of the opinion that the consent of the local authorities of the town of Waterloo was sufficient, without proving that the local authorities of the villages of Geneva and Waterloo had consented to the construction of the railroad in the streets of those villages.

It is conceded that the consents of abutters appearing on Exhibits Nos. 15 and 16 represented the necessary amount of property abutting on the highway occupied by the plaintiff's railroad in the town of Waterloo, as such property was valued upon the assessment roll of that town in the year 1893. Exhibit No. 15 was executed by 13 abutters on the 15th of May, 1894, whereby they consented to the

construction of a railroad in the highway by the plaintiff, which had previously been incorporated.   This consent was duly acknowledged, and its sufficiency in form is not challenged, but it is conceded that the abutters who signed that consent did not represent the requisite amount of property.   Exhibit No. 16 was executed December 30, 1892, before the plaintiff was incorporated, by which 30 persons owning property abutting on said highway consented that George Miller and George M. Reed, their legal representatives and assigns, might construct a street railroad within said highway. After this plaintiff was incorporated, and on the 13th day of April, 1893, George Miller and George M. Reed assigned the consents on Exhibit No. 16 to Samuel M. Hamill.   The secretary of the plaintiff testified that at some time (the date not appearing) Hamill assigned these consents to the plaintiff, which assignment had been lost.   Assuming that the assignment .was executed before this proceeding was begun, I am of the opinion that the consents assigned did not comply with the constitution and the statute, which seems to contemplate that the consents of the abutting owners shall be given to a corporation authorized to construct a railroad in the street or highway.   This consent is for the protection of the rights of all the owners of property abutting on the street or highway, and the majority cannot bind the minority, unless the provisions of the constitution and the statute are strictly pursued, according to the spirit and intent of those provisions.   It seems to me that it would be contrary to public policy and to the spirit of those provisions to allow individuals to acquire the requisite number of assents for the construction of a railroad by any corporation thereafter to be organized, and then, as they might, sell them to the highest bidder.   No corporation is named in Exhibit No. 17, nor is it stated that a corporation was to be organized.   The consent does not describe between what points the railroad is to be constructed, but simply provides that Miller and Reed may construct a railroad in the highway.   Miller and Reed were not authorized by any statute of this state to construct a railroad in the highway, and they had no right to construct one (Fanning v. Osborne, 102 N. Y. 441, 7 N. E. 307); and the consents of the abutting owners that Miller and Reed might construct a railroad were void, and were not validated by being subsequently assigned to the plaintiff.   The cases of which Railroad Co. v. Kerr, 72 N. Y. 330, is a type, cited in support of the proposition that Miller and Reed had power to construct the railroad, arose under special statutes passed before the amendment to the constitution adopted in 1874, and are not in point.   In Case v. Cayuga Co., 88 Hun, 59, 34 N. Y. Supp. 595, it was held that a consent given by an abutting owner that a railroad might be constructed in a street by an individual was void.   It follows that the plaintiff had not acquired the necessary consents of the owners of property abutting on this highway before this proceeding was begun.

It is urged by the plaintiff that the issues in this proceeding have been adjudicated against this defendant in the proceeding instituted by this plaintiff against the Fall Brook Railway Company and the New York Central & Hudson River Railroad Company.   This con-

tention is based on the following state of facts: Two railroads crossed the highway in question a few hundred feet apart. The defendant owns and operates one of those railroads, the crossing of which is involved in this proceeding. The Geneva & Lyons Railroad Company owns the other railroad, over which the Fall Brook Railway Company and the New York Central & Hudson River Railroad Company have some rights, the nature and extent of which are not disclosed by the record. On the same day that this proceeding was begun the plaintiff began one against the Fall Brook Railway Company and the New York Central & Hudson River Railroad Company to have the mode of crossing the Geneva & Lyons Railroad tracks fixed, and the compensation to be paid therefor determined. Both proceedings were brought to a hearing at the same special term. The Fall Brook Railway Company interposed an answer, but the New York Central & Hudson River Railroad Company did not answer, but filed a preliminary objection that the court had no jurisdiction of the subject-matter, for certain reasons mentioned. The court overruled these objections, and by an order entered February 19, 1895, appointed commissioners to determine how the crossing should be made as against that defendant, and the amount of compensation which should be paid to it for the crossing. The issues joined by the plaintiff's petition and the answer of the Fall Brook Railway Company were referred to the same referee appointed in this case. These two proceedings are entirely independent of each other, and the New York Central & Hudson River Railroad Company had the right to consent that the plaintiff might cross its railroad, and contest the right of the plaintiff to cross the Geneva & Lyons Railroad, in which it had an interest. The facts adjudicated in the proceeding in which the New York Central & Hudson River Railroad Company did not answer are not established as against the defendant in this proceeding, and the adjudication in the case in which the Fall Brook Railway Company and the defendant are parties is not binding on the defendant in this proceeding. The practice adopted in these cases is wholly irregular, and is not authorized by the statutes or rules of practice. We have presented in one appeal book the records of two independent and wholly disconnected proceedings. The practice regulating the hearing of appeals does not permit two independent cases to be incorporated in one appeal book, but the record on each appeal should be printed by itself, so that independent judgment rolls may be made up embracing the papers, and only the papers, applicable to each case. Different questions are presented by these cases, and one might have been reversed and the other affirmed, and it is difficult to see how a judgment roll could be made up in either case which would be reviewed in the court of appeals. The judgment should be affirmed, with costs. All concur.