(29 Misc. Rep. 318.)

## HASS et al. v. PETTINGILL.

(Supreme Court, Appellate Term. October 25, 1899.)

1. SALE—DELIVERY—ACTION FOR PRICE.

   Plaintiffs made a suit, ordered by defendant for his wife, to be paid for on delivery at his residence. Subsequently it was agreed that defendant or his wife should call for the suit after some slight alterations were made, but they did not do so, and plaintiffs' attempt to deliver it failed because defendant did not live at the residence given. *Held*, that plaintiffs could retain it subject to defendant's order, and bring suit for the contract price.

2. HARMLESS ERROR—ADMISSION OF EVIDENCE.

   A judgment will not be reversed for error in the admission of testimony when it is clear that appellant has not been injured thereby.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Samuel Hass and another against Charles H. Pettingill. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Daniel P. Mahony, for appellant.

Maurice Meyer, for respondents.

FREEDMAN, P. J. This action was brought to recover for the agreed price of a suit, consisting of a coat and skirt, made by the plaintiffs for the wife of the defendant. The testimony presents merely a question of fact, and there is ample proof to sustain the conclusion reached by the court below. It appears that on December 5, 1898, the defendant's wife called at the store of the plaintiffs, and ordered a suit to be made for herself. The materials were selected, the price agreed upon at $90, and a measurement taken. The order, as originally given, was that payment should be made upon delivery of the goods, and, when completed, they were to be sent to the then residence of the defendant at No. 17 West Thirty-Second street, this city. Subsequent to the date of the giving of the order, she called several times to be fitted, and either December 8th or 9th was fixed upon as the time at which she was to come for the final fitting. As to the foregoing facts there is no dispute. The testimony of the plaintiffs and their witnesses is to the effect that on the 9th day of December, when the defendant's wife last tried on the suit, her husband was present, and that it fitted to her entire satisfaction. The fitter of the plaintiffs, however, suggested that some slight alterations should be made in the coat, to which the defendant and his wife assented, and it was understood and agreed that such alterations should be made, and that the defendant's wife should come again the next day, and get the suit. The suggested alterations were made by the plaintiffs, but neither the defendant nor his wife ever called for the goods, and a subsequent attempt to deliver them at No. 17 West Thirty-Second street resulted in the information given at that place that the defendant did not live there. The defendant and his wife testify that at the time of the last fitting referred to

above the coat did not fit, that it could not be made to fit, and that they made no appointment for any future trial, nor agreement to take the goods. A conflict of evidence was thus presented upon a question of fact, which the trial judge decided in favor of the plaintiffs. The plaintiffs retained the goods, subject to the order of the defendant, and brought suit to recover the contract price. This they had a right to do. Hunter v. Wetsell, 84 N. Y. 549. Whatever may be said as to the admissibility in evidence of copies of the letters sent by the plaintiffs to the defendant without notice having been given to produce the originals, it is clear that their reception was harmless, and the rule is well settled that a judgment will not be reversed for error in the admission of testimony when the court is satisfied from an examination of the whole case that the appellant has not been prejudiced thereby. McGean v. Railway Co., 117 N. Y. 219, 22 N. E. 957; Hart v. Railroad Co. (Sup.) 35 N. Y. Supp. 41; Haskell v. Railroad Co. (Sup.) 26 N. Y. Supp. 595. The record shows that the judgment is warranted by the testimony, and it does not appear that injustice has been done.

Judgment affirmed, with costs. All concur.