EDWIN A. POTTER, Receiver,

*v.*

FRANK LEVITON.

*Opinion filed October 25, 1902.*

1. APPEALS AND ERRORS—*when damages will be assessed as for appealing for delay.* Damages will be assessed upon the ground that the record was brought to the Supreme Court for delay, where the only ground for reversal of the verdict against defendant street car company is that the court should have directed a verdict for the defendant upon the ground that there was no evidence that the plaintiff, when he was struck, was upon the railway track of the defendant, as alleged in the declaration, notwithstanding several witnesses testified that he was on the track.

2. STREET RAILWAYS—*when person will be regarded as "on the track."* One who is between the tracks of a street railway company is "on the railway track," within the meaning of the declaration, if he is within the space which the car, running on the rails, would occupy as it passed.

*Potter* v. *Leviton*, 101 Ill. App. 544, affirmed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

FRANK W. WELCH, for plaintiff in error.

ROY O. WEST, J. R. BECKET, and KITT GOULD, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Frank Leviton, suing by his next friend, recovered a judgment against the plaintiff in error in the circuit court of Cook county for a personal injury caused by the running of a street car against him at the public crossing of Michigan avenue and One Hundred and Eleventh place, and the Appellate Court affirmed the judgment.

The plaintiff, a boy of three and a half years, was attempting to cross Michigan avenue from east to west when he was struck by defendant's car running south. The only ground for reversal urged here by plaintiff in error is, that the trial court erred in refusing to instruct the jury to find the defendant not guilty, and the only reason given in support of the contention that the court should have so instructed the jury is, that there was no evidence (as it is claimed) that the boy, when he was struck, was on the railway track of the defendant, as alleged in the declaration. The declaration, in some of its counts, alleged that he was at the time lawfully on the east track and in others that he was lawfully on the west track, and counsel says that the evidence shows that he was not on either track, but was between the two tracks. There is no evidence how far apart the tracks were, nor what the space was between the tracks that was not, in fact, occupied by one track or the other. If he was within the space which the car, running on the rails, occupied as it passed, we are of the opinion that he was on the track, within the meaning of the allegation of the declaration. In *Delaware Canal Co.* v. *Whitehall,* 90 N. Y. 21, the term "track" was given a broader signification than this. But without attempting any precise definition, we are satisfied that there was no such variance between allegation and proof as to prevent recovery under the pleadings. Besides, one or more of the witnesses testified that the boy was crossing the street and was on the track of the railway when he was struck, and this fact, if necessary to a recovery, has been con-

clusively established by the judgment of the Appellate Court. Lack of ordinary care could not, because of his tender years, be imputed to him, and there was abundant evidence of negligence on the part of the servants of the company or of its receiver. These questions, however, are not controverted by counsel. The one raised is so clearly untenable and devoid of merit that it must be held, as insisted by counsel for defendant in error, that the record was brought to this court for delay only. It therefore becomes our duty, under the statute, to assess damages against plaintiff in error, not exceeding ten per cent of the amount of the judgment of the circuit court.

The judgment of the Appellate Court will be affirmed, and in addition to the judgment for costs the clerk will enter judgment against the plaintiff in error, in favor of defendant in error, for five per cent of the amount of the judgment recovered in the circuit court.

*Judgment affirmed.*