In the Matter of the Application of William A. Fowler et al., Water and Sewerage Commissioners, for the Appointment of Commissioners to open Dean Street, etc., in the City of Brooklyn.

As the legislature may delegate the exercise of the right of eminent domain to municipalities, to boards of officers and to public agents, the necessity of an appropriation of lands by those upon whom this right is conferred cannot be inquired into by the courts. If the use to which the lands are to be put is public, the legislature, or the instrumentality which it employs, is the sole judge of the necessity, unless there is a provision otherwise in the enactment.

Under the provision of the "act in relation to sewerage and drainage in the city of Brooklyn" (§ 8, chap. 521, Laws of 1857), which authorizes the board of water and sewerage commissioners, in case they find it necessary to construct a sewer or drain through any part of a street not opened by law, to apply to the Supreme Court to appoint commissioners, etc., to open said street, the Supreme Court, upon such application, cannot inquire into or pass upon the question of the necessity of opening the street, further than it may be incidentally involved in the determination of the question whether it is for a public use.

R. and S. R. R. Co. v. Davis, 43 N. Y., 137, distinguished.

The phrases "to construct" and "be constructed," as used in said section, are not confined to the mere act of building the sewers; they include the maintenance, preservation and protection, as well as the erection thereof.

Where said commissioners had gone on and constructed a sewer through a portion of a street not opened by law, and thereafter made an application under said section to open the same,—Held, that the power of the

commissioners was not spent; that the authority to apply was based solely upon the finding by the commissioners of the necessity of the construction of the sewer, and that there was nothing in the act requiring the opening of the street before building the sewer; that for the purpose of maintaining and preserving the sewer it was as necessary that the municipality should have the lawful use of the street as for the purpose of building it, and that therefore the application was properly granted.

Argued May 13, 1873; decided May 21, 1873.

APPEAL from order of the General Term of the Supreme Court in the second judicial department, affirming an order of Special Term granting an application of the board of water and sewerage commissioners, of the city of Brooklyn, and appointing commissioners to open Dean street in said city from Nostrand to Albany avenue.

Said board, in carrying out their plan of sewerage and drainage, constructed a sewer in the portion of Dean street referred to, which had not been legally opened, and a right of way acquired therein by the city. After such construction this application was made. It was opposed principally upon the ground that, inasmuch as the sewer had already been built, no necessity existed for the application, and that the authority of said board was spent.

*Joseph H. Choate* for the appellants. The function of the Supreme Court in passing upon the petition of the sewer commissioners is altogether judicial. (*Striker* v. *Kelly*, 7 Hill, 20; *In re Canal and Walker Sts.*, 12 N. Y., 406.)

*William C. De Witt* for the respondent. The finding or decision of the commissioners does not lie open to challenge or review. (*Kelsey* v. *Kings*, 11 Abb. Pr., 180; *Mills* v. *Brooklyn*, 32 N. Y., 489, 495.)

FOLGER, J. There is no question but that the order is appealable. It is a final order in a special proceeding, and affects a substantial right, and falls within section 11, sub. 3 of the Code of Procedure. (*Rens. & Sar. R. R. Co.* v. *Davis*, 43 N. Y., 137, and cases there cited.)

The necessity, for an appropriation of lands by the legislature in the exercise of the right of eminent domain, may not be questioned by the courts. And as the legislature may delegate the exercise of this power to municipalities, to boards of officers and to public agents, the necessity for an appropriation by them may not be inquired into by the courts. If the use to which the lands are to be put is public, the legislature, or the instrumentality which it employs, is the sole judge of the necessity, unless there is provision otherwise in the enactment.

It is said that this supreme power is qualified only by three particulars : the use must be public; compensation must be made ; and the amount thereof must be ascertained by a jury, or by not less than three commissioners, to be appointed by a court of record. (*In re Townsend,* 39 N. Y., 171 ; *The People* v. *Smith,* 21 N. Y., 595.) So that the court at Special Term, there being no authority thereto given by the statute, could not inquire into nor pass upon the question of whether there was a necessity for the opening of this street, further than it may be incidentally involved in the determination of the question of whether it was to be taken for a public use.

It may here be said, that the provisions of the act (chap. 521, p. 100, vol. 2) of 1857 are not like those of the general railroad act, under which the question came up which was passed upon by this court in *Rens. & Sar. R. R. v. Davis,* (*supra*). By the last act, the persons whose property is sought to be acquired " may disprove any of the facts stated in the petition," and the court is required " to hear the proofs and allegations of the parties," and then to determine. And it was the presence of those provisions in that act which led this court to hold that the power was in the court, to which application was made, to pass upon the necessity for the appropriation of lands by a railroad corporation. In the act before us there are no such provisions.

It is true, that notice of application for the appointment of commissioners must be given by publication; and that all

parties in interest may be heard before the court. And an expression in the act, to wit: "*If* said court shall make an order for the appointment, etc.," implies a power in the court to refuse to make it. But this power to refuse may find ground for action in the fact that the appropriation is not for public use, or in the irregularity of the initiatory proceedings, as the lack of publication of notice or the like. And the parties in interest may be heard upon these questions, and also in the naming of the commissioners.

It was much urged by the appellants, that the board having in fact completed the sewer in this street, its power was spent; and that it had no statutory authority to declare the necessity of opening a street, save while framing and devising a plan of sewerage, and before the construction of a sewer through the land to be taken for the street was entered upon. The board did, in framing its plan of sewerage, find it necessary to construct a drain through this street not opened by law, and did find that it could not be constructed so as to properly drain a portion of the city, without carrying it through that street. This gave the board the authority to make application to the Supreme Court for the appointment of commissioners to open the street. The authority to apply, rests upon the fact of that finding, and upon nothing else. And the authority of the court to grant an order for commissioners, rests upon an application thus made. But there is nothing in the statute which specifies when the application shall be made, or requires that it shall be made before the work of construction is commenced. It does require that the finding of the necessity shall precede the application. The position of the appellants makes the authority of the board to apply to the court depend upon the inability to enter upon the land and construct thereon the sewer, and maintains that if entry is not opposed and the construction may be completed, that no authority to apply exists. But the statute is not so; that rests the authority upon the finding of the necessity of the construction of the sewer through the street not yet opened, and upon nothing else. Doubtless, the owners

of the street not yet opened by law might prevent the entry upon the land and the construction of the sewer. But in the absence of interference by them, there is nothing in the statute, or otherwise, to require the opening of the street before the doing of the work upon the sewer.

Nor do we think that the phrases "to construct" and "be constructed" are, in the purview of this act, to be confined to the bare act of building the sewer. Doubtless, to construct is, primarily, to form, to build together; and a power to construct may, in many cases, end when the work of building is done. But here the power to construct is the power to keep together as well as the power to put together, the power to maintain, protect and preserve, as well as the power to erect. The purpose or object of sewerage, upon a general plan for a city, is not temporary, and such a plan is for a long continued use and benefit. The works constructed for it must be afterward maintained, else the purpose fails. And for this, it is as needful that the municipality have the lawful use of the streets where the sewers are laid, as it is for the purpose of laying them, so that the authority given to the board to apply for the opening of this street was not gone upon the completion of the sewer.

The order appealed from should be affirmed, with costs.

All concur.

GROVER and RAPALLO, JJ., in result.

Order affirmed.