REASON C. KILE

*v.*

THE TOWN OF YELLOWHEAD.

1. DESCRIPTION OF LAND—*of what courts will take notice without proof.* Courts will take notice of the meaning of initials used in the description of land in this State, in conveyances, levies of executions, judicial sales, surveys, assessments for taxes, etc., without further proof.

2. Where, in the description of land, the number of a township is used without indicating whether north or south, and there is no township of that number south in the county where the land is described as being, the court will take notice of the fact, and that the township referred to is north.

3. The court will also take notice that the south line of section 36, and the south line of the township, are one and the same line.

4. VARIANCE—*in description of some points or lines not material, if all taken together locate the same road.* Where the court can, from the petition for the establishment of a road, the order establishing it, and the plat thereof, locate the road, without any difficulty, as the same road described in the complaint for obstructing a road, there is no substantial variance, although some of the points on the line of the road may be described in different language in different parts of the proceedings.

5. ESTOPPEL—*owner of land receiving damages awarded.* Where a road is ordered to be opened, and the owner of land over which it passes receives the money awarded to him as damages by the commissioners of highways, he is estopped from alleging that the proceedings were void.

APPEAL from the Circuit Court of Kankakee county; the Hon. N. J. PILLSBURY, Judge, presiding.

Messrs. BONFIELD & PADDOCK, and Mr. C. A. LAKE, for the appellant.

Mr. H. LORING, and Mr. J. N. ORR, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This appeal is prosecuted to reverse a judgment of the court below, convicting appellant for obstructing a public highway.

The first ground for reversal urged is, that there is a variance between the allegation, in describing the highway claimed to have been obstructed, and the proofs.

In determining this question, it is necessary to consider, at the outset, whether we can take notice of what is meant by the initials used in describing the lands over which the alleged road is located, without explanatory proof. We believe that the practice of using initials for this purpose in conveyances, levies of executions, judicial sales, surveys, assessments for taxes, etc., etc., has been very general, from the first organization of our State government, and that any person would as readily comprehend their meaning as if the words they represent were written in full.

It was said in *Munn et al.* v. *Burch et al.* 25 Ill. 35, in discussing the custom of bankers in regard to depositors' checks: "Where a custom is so universal and of such antiquity that all men must be presumed to know it, courts will not pretend to be more ignorant than the rest of mankind, but will recognize and act upon it." And Greenleaf, in the first volume of his treatise on Evidence, at the conclusion of § 9, says: "In fine, courts will generally take notice of whatever ought to be generally known within the limits of their jurisdiction."

The principle, in our opinion, requires that we should take notice of the meaning of these initials, without further proof.

The description in the complaint is: "A certain highway leading from the N. E. corner of the W. ½ of the N. E. ¼ of

14—80TH ILL.

sec. 36, T. 32 N. of R. 14 E., south to the south line of said town of Yellowhead."

The description in the petition for the location, etc., of the highway is: "Commencing at the quarter stake, 80 rods west of the north-east corner of section 36, in said town, on Momence road, thence south on quarter line, to run one mile, to town line."

The words "said town," in the connection they occur, refer to township 32 north, range 14 east.

We understand that the north-east corner of the west half of the north-east quarter, in the absence of evidence that the section is less or greater than 640 acres, must be presumed to be at the same place with the "quarter stake, 80 rods west of the north-east corner of the section," and that, running thence south to the south line of said town, etc., is substantially the same as "thence south on quarter line, to run one mile, to town line." The direction is south, and the limit the town line, in both cases.

The order establishing the road described it as "commencing at the north line of section 36, township 32, range 14 east of the third principal meridian, where the corner is between the east and west half of the N. E. ¼ of said section, and running thence south on the line of lots, 80 chains, to the south line of the section." It does not appear here whether township 32 is north or south; but we must take notice it is township 32 north, for there is no other township 32 in Kankakee county. *Billings* v. *Kankakee Coal Co.* 67 Ill. 489. So we must, likewise, in taking notice of the mode of laying lands off into townships, sections, etc., by the general government, take notice that the south line of section 36, and the south line of the township, are but one and the same line.

The plat of the road describes it, after representing the township, section, etc., thus: "Commencing at a point on the north line of said section, where the corner is between the E. W. ½ S. of the N. E. ¼ of said section, and running thence south on the line of lots, 80 chains, to the south line of the section."

Taking the petition, order establishing the road, and plat together, we have no difficulty in determining the location of the road; and the initials "E. W. ½ S.," in the connection in which they are used, may be reasonably construed to mean, "east and west halves of section;" and the corner, on the north line of the section, between these halves, must be precisely the same as the starting point of the road, as indicated in the complaint.

Our conclusion is, the court did not err in ruling there was no substantial variance between the allegations in the complaint and the proofs.

The next point made is, that the record of the highway is void, because it shows the petition was not acted upon by the commissioners of highways within thirty days of the time the petition was presented to them, as required by law. To this there appear to be two answers:

1st. The record fails to show that any exception was taken to the ruling of the court in admitting the record of the road in evidence. The record shows that appellant objected to the introduction of the evidence, that the objection was overruled, and the abstract states that exception was taken to this ruling; but, on referring to the record, we fail to discover any support to this statement in the abstract.

2d. After the road was ordered to be opened, appellant was paid and accepted $75, as the amount of damages awarded him by the commissioners of highways for the location and opening of the highway. This estops him from alleging that the proceedings were void. *Town* v. *Town of Blackberry*, 29 Ill. 137.

We see no force in the objections urged against certain of the instructions given, at the instance of appellee. They were authorized by the evidence, and assert the law, in substance, as declared in *Town* v. *Town of Blackberry, supra*.

It is also objected, that the court refused to give the 9th instruction asked by appellant, which was as follows:

"The court instructs the jury, for the defense, that the plain-

tiff, in order to maintain this action, must prove the beginning and termination of the road claimed to have been obstructed, unless a precise point is indicated where such obstruction existed, and if the plaintiff failed so to do, they can not recover, and the law is for the defendant."

If we are not incorrect in the opinion before expressed, that the record of the road was properly received in evidence, there is no question but that appellee sufficiently proved the beginning and termination of the road, so the refusal to give the instruction worked no possible harm to the appellant.

The appellant also claims the court erred in refusing to give an instruction telling the jury that, if the road in question was not opened throughout its entire length within five years from the time it was laid out, then it was deemed, in law, abandoned and vacated. This is, undoubtedly, the law; but the court had said the same thing to the jury in appellant's fourth instruction, previously given, and there was no necessity for its repetition.

The question whether the road was opened within five years from the time it was laid out, was one of fact, upon which, while there was conflicting evidence, it is impossible to say the clear and decided preponderance was with the appellant.

We discover no sufficient cause for disturbing the judgment, and it will, therefore, be affirmed.

*Judgment affirmed.*