IN THE MATTER OF THE PETITION OF THE DEANSVILLE CEME-
TERY ASSOCIATION TO ACQUIRE LANDS OF ISAAC C.
MILLER AND ANOTHER.

*Eminent domain — Cemeteries — Legislative discretion.*

The legislature may lawfully provide for the compulsory taking of land by rural cemetery corporations. Provision for the proper and decent burial of the dead is a public necessity and duty.

The legislature is the proper body to determine as to the necessity and fitness of taking private property for public uses, and as to the agency to be employed in so doing.

APPEAL from an order made at Special Term, appointing commissioners to appraise the lands of the appellant, sought to be acquired by the petitioner for cemetery purposes.

*Utley & Coggeshall* and *O. S. Williams*, for the appellant.

*C. J. Everett*, for the respondent.

E. DARWIN SMITH, P. J.:

The petitioners are a corporation organized under the act of 1847, entitled, "An act to authorize the incorporation of rural cemetery associations;" and state in their petition that they have acquired and now own certain lands, held and occupied exclusively for a cemetery for the burial of the dead, and desire to acquire certain other lands adjacent to their said cemetery grounds, now owned by Isaac Miller, the appellant, and therein described, to annex to such ground, for burial purposes, which they have been unable to obtain by purchase.

The single question presented to us upon this appeal is, whether the acts authorizing the taking of lands for rural cemeteries, by appraisement, against the will of the owner, are constitutional. The act of 1847 (chap. 133, Sess. Laws, p. 125), under which the petitioners are incorporated, simply authorized such corporation to take land for the use of such corporation by purchase or devise.

In 1869 (chap. 727, Sess. Laws, p. 1764) the legislature authorized municipal corporations, having burial grounds belonging to them in their corporate capacity, to purchase or acquire lands immediately adjoining such burial grounds for burial purposes, providing such lands were vacant and had no building thereon exceeding $500 in value; and if the corporations could not agree with the owners for the purchase of such lands, to acquire title thereto under the provisions of the general railroad act of 1850. This act, in 1870 (chap. 760, p. 1881), was extended to rural cemetery associations, when additional land was needed by any city or village for burial purposes. And by act of 1873 (chap. 452, p. 710) the restriction of the last mentioned statute is removed in respect to rural cemetery associations, and they are placed in the same position with municipal corporations, and authorized to acquire lands for burial purposes, by appraisement, against the will of the owner, under the general railroad act of 1850.

The question is, whether this last mentioned act is constitutional. We do not see upon what ground its constitutionality can be successfully assailed. The legislature, in the acts above referred to, has clearly asserted that lands taken for rural cemeteries are taken for a public use. Provision for the proper and decent burial of the dead is thus recognized as a public necessity and duty. When such cemeteries are located within the bounds of municipal corporations, or belong to such corporations, no question has been, as I am aware, or can, I think, be made, that the taking of lands by appraisement for said purpose is a legitimate and constitutional exercise of the legislative authority. It is quite apparent that in many cases, it is quite necessary or expedient to acquire lands for such purposes outside the limits of the cities or villages, respectively, of the State. In such case the legislature, in delegating to a private corporation the right to take convenient and suitable property for such purpose, contiguous to any city or village, may be considered, we think, as employing such instrumentality as a proper and convenient mode to accomplish a public object.

In such case the legislature is the exclusive judge of the agency it will employ in carrying its will and purpose into effect. (*In the Matter of Fowler*, 53 N. Y., 62.) The legislature is the proper body to determine as to the necessity or fitness of taking private

property for public use, and as to the extent and manner of the appropriation. (*Brooklyn Park Comrs.* v. *Armstrong*, 45 N. Y., 244, and *People* v. *Smith*, 21 id., 595.) If the clear and palpable effect of an act of the legislature were or be to transfer the property of one person to another for his private use and benefit, it would, doubtless, be the duty of the courts to declare such act unconstitutional. But such is not the object or effect of the act in question.

The rural cemetery corporation, organized under the general act, can make no profit for the stockholders. The lots in the cemetery are to be sold, and the proceeds applied to pay the purchase-money for the ground; and one-half the amount of the proceeds from the sale of lots, it is provided by section 7 of said act of 1847, is to be so applied, and the residue to be used in preserving, improving and embellishing the cemetery grounds and the avenues or roads leading thereto, and in defraying the incidental expenses of the cemetery establishment; and after the payment of the purchase-money and the debts contracted therefor and for surveying and laying out the land, the proceeds of all future sales shall be appropriated to the improvement, embellishment and preservation of such cemetery, and for the incidental expenses, and to no other purpose or object.

We have no doubt that lands taken for such purpose are taken for the public use, and that the act authorizing such appropriation is entirely within the constitutional discretion and authority of the legislature.

The order of the Special Term should be affirmed.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Order affirmed.