PEOPLE ex rel. CITY OF ITHACA v. DELAWARE, L. & W. R. CO. et al.

(Supreme Court, Appellate Division, Third Department.   December 2, 1896.)

1. MUNICIPAL CORPORATIONS—LAYING OUT STREET—NECESSITY OF CROSSING RAILROAD.
    A railroad company over whose track a street has been duly laid out by the city council, and which has been notified to construct a crossing over its track, cannot question the necessity or propriety of laying out the street; and it is immaterial that the land for the street had been donated, so that the exercise of the right of eminent domain was not necessary.

2. SAME—DESCRIPTION OF PROPOSED STREET.
    A resolution by a city council laying out a street from a certain point "south to the track of the D. R. Co., and thence to the south line" of the city, means that the proposed street shall extend from the point of beginning across the railroad track to the south line of the city, and not that it extends merely from the point of beginning to the nearest side of the railroad, and then commences again at the other side of the railroad.

Appeal from special term, Tompkins county.

Application by the city of Ithaca for a writ of mandamus to compel the Delaware, Lackawanna & Western Railroad Company and the Cayuga & Susquehanna Railroad Company to cause a street to be extended across the railway tracks of defendants, and for the cost

of this action. From a judgment awarding a peremptory writ, defendants appeal. Affirmed.

On the 4th day of September, 1895, at a regular meeting of the common council of the city of Ithaca, the following resolutions were adopted, and the same were duly approved by the mayor of said city:

"Resolved, that Cayuga street be continued southward to the city line, there to connect with a road about to be laid out in the town of Ithaca, making direct communication southward with the Danby road; and for that purpose,

"Resolved, that pursuant to authority vested in the common council of the city of Ithaca, a street be, and it is hereby, laid out in said city, fifty feet in width, extending from the intersection of Cayuga street with the Spencer road south to the track of the D., L. & W. Railroad Company, and thence to the south line of said city; being bounded on the west by lands of Mary E. Van Order, Crowley, Driscoll, T. H. Van Inwagen, S. B. and E. T. Turner, and on the east by lands of Anna Murray, F. Park, M. Granville, L. James, W. Vunk, and S. B. and E. T. Turner; the center line of said extension continuing one degree and eighteen minutes west from the center line of that portion of Cayuga street lying between Clinton street and the Six Mile Creek bridge.

"Resolved, that the grade of said street be fixed as designated in the map and survey prepared by J. F. Bradley, engineer, and as provided in the contract heretofore made with C. H. Titus for the construction thereof.

"Resolved, that the city attorney be authorized and directed to cause due notice of the laying out of such street across the track occupied by the Delaware, Lackawanna & Western Railroad Company to be personally served upon the proper officer of the company or companies owning and occupying the same, as required by statute, and that the said company or companies be requested to cause the said street to be taken across their track in the manner required by law."

Prior to the adoption of said resolution, a conveyance of the lands described in said resolution was made to the city of Ithaca, to be used as a highway, and for other municipal purposes, and such conveyance was accepted by a resolution of the common council, and approved by the mayor. Pursuant to the above resolution of the common council, a notice, duly subscribed by the mayor and city attorney of the city of Ithaca, was duly served upon the presidents of the respective defendants, directed to said defendants, to each of which notices was attached a certified copy of such resolutions. The following is a copy of the notice: "You will please take notice that the common council of the city of Ithaca, in the county of Tompkins and state of New York, have duly laid out a street across the track occupied by the Delaware, Lackawanna & Western Railroad Company, along the line, upon the grade, and of the width described in the annexed resolutions; and that you are required to cause the said street to be taken across your track, as shall be most convenient and useful for public travel, and to cause all necessary embankments, excavations, and other work to be done on your road for that purpose, in accordance with the provisions of the statute in such case made and provided." Subsequently the city attorney of the city of Ithaca sent a communication to the defendant the Delaware, Lackawana & Western Railroad Co., in which he described the character of the crossing that would be satisfactory to the city, in answer to which he received a communication from the general manager of such defendant, containing the following clause: "We respectfully de to entertain any proposition for the street at the point named. We have no desire in any way to object to necessary improvements, but in this case we do not think the proposed street at all necessary." Both of the defendants have neglected and refused to carry the said street across their tracks as required. Cayuga street, which it is proposed by the city of Ithaca to extend in the manner described in the resolution, is a public street in the city of Ithaca, and is one of the main thoroughfares, extending north and south across the city, and the proposed extension is entirely within the city bounds. The proposed extension has been substantially constructed from the former southern terminus of said Cayuga street, southward to the tracks of the defendant, but it has not been constructed or graded from said track of defendant south to the city line.

The court below found that the street ordered so laid out is necessary for the convenience of the inhabitants of said city, and that the crossing, if properly constructed, would neither be unsafe nor dangerous to the persons using the street,—

or to the lives or property of the patrons of the defendant; that the crossing of the railroad tracks of the defendant is practicable, and not unreasonable or expensive either in its construction or maintenance. The defendants refusing to construct such crossing, the plaintiff procured an alternative writ of mandamus; and. issue being joined thereon, a trial was had, which resulted in a judgment awarding a peremptory writ of mandamus, in favor of the plaintiff, and against the defendants, together with costs, from which judgment the defendants appeal to this court.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Halliday & Denton (S. D. Halliday, of counsel), for appellants.
Newman & Blood (Jared T. Newman, of counsel), for respondent.

HERRICK, J.   By section 1 of chapter 62 of the Laws of 1853 it is provided that:

"It shall be lawful for the authorities of any city, village, or town in this state, who are by law empowered to lay out streets and highways, to lay out any street or highway across the tracks of any railroad laid or which may hereafter be laid, without compensation to the corporation owning such railroad."

By section 2 it is provided that:

"It shall be the duty of any railroad corporation, across whose track a street or highway shall be laid out as aforesaid, immediately after the service of said notice, to cause the said street or highway to be taken across their track, as shall be most convenient and useful for public travel, and to cause all necessary embankments, excavation, and other work to be done on their road for that purpose."

By section 3 of title 6 of chapter 212 of the Laws of 1888, being the charter of the city of Ithaca, it is provided that:

"The common council shall have power, subject to the limitations imposed by the general laws of the state, to lay out, make and open streets, alleys, lanes, highways, and public grounds, and may lay the same through any lands, building, garden, orchard or enclosure in said city."

Section 5 provides for the proceedings to be taken when the laying out of streets, alleys, lanes, or highways require that private property shall be taken.

That the legislature has power to authorize the laying out of a street across the tracks of a railroad company without compensating it therefor, and to require it to carry such street across its tracks, has been decided in this state, and is not questioned by the defendants here.   Buffalo, B. & L. Ry. Co. v. New York, L. E. & W. R. Co., 72 Hun, 587, 25 N. Y. Supp. 155, and cases cited.   In this case no land was to be taken, the necessary land having been previously acquired by the city; so that it was not necessary to take the proceedings directed by the charter of the city of Ithaca when land is to be acquired by eminent domain for street purposes.   The passage of the resolution, and its approval by the mayor, was, under the circumstances, all that was necessary to be done, to lay out, open, or extend the street in question.   It will be observed that, when the city authorities suggested what would be a satisfactory crossing, the objection was made that the street was not necessary, and that was one of the issues tried in the court below; and it was found by the trial court that such street was both convenient and necessary.

· I do not think the defendants can question the necessity or propriety of laying out the street. That is a matter exclusively for the determination of the mayor and common council of Ithaca. The purpose is undisputably a public one; and, in taking lands by the right of eminent domain, it is the settled law of this state that, if the use to which lands are to be put is public, the legislature, or the instrumentality which it employs, is the sole judge of the necessity. People v. Smith, 21 N. Y. 595; Railroad Co. v. Davis, 43 N. Y. 137; In re Fowler, 53 N. Y. 60. The fact that in this instance the land required has been donated, so that there is no necessity for exercising the right of eminent domain, makes no difference in the principle. The question of the necessity of a street remains the same whether the land therefor has to be acquired by compulsion, or is acquired by gift.

The appellants assert that the city of Ithaca has not, in fact, laid out a street or highway across the track of the defendants' railroads, and their contention is based upon the wording of the second resolution, reading in part as follows:

"A street be, and it is hereby, laid out in said city, fifty feet in width, extending from the intersection of Cayuga street with the Spencer road south to the track of the D., L. & W. Railroad Company, and thence to the south line of said city."

The contention is that the words "to the track of the D., L. & W. Railroad" take the street only to the first, or north, track of the railroad, making such north track the stopping point; and that the words "and thence to the south line of the city" make the new starting point from the south track of the railroad, thus leaving a hiatus of the space embraced between the north and south tracks,—in other words, of the entire space occupied by the defendants' tracks. This objection to, and criticism of, the resolution of the common council, seems to me to be hypercritical, and without force. Assuming the position of the appellants to be correct, that the language of the resolution extending Cayuga street south "to the track" of the defendant only carries it to the first or north track of the defendant, then the words "thence to the south line of said city" take it from that point,—that is, the north track; in other words, the stopping point of one part of the description is the commencement of the other part, "and thence" meaning from the point to which the other words had carried it. There are not two points given, only one: the point where one part of the description ends being the same point where the other part of the description begins.

Reading the resolutions together makes it entirely clear that the street is laid out across the tracks. The resolutions set forth in the statement of facts herein in relation to the extension of Cayuga street to the south line of the city were, as I understand it, all passed at one and the same time, and are to be read together, the same as if each separate resolution was a section of a statute, and each resolution, like each section of a statute, is to be construed in reference to each other section of such statute bearing upon the same subject. This is a familiar rule in the construing of statutes, and needs no

citation of authorities to sustain it. The first resolution provides that Cayuga street shall be continued south to the city line. It cannot be so continued unless it crosses the tracks of the defendant. The last resolution provides that the city attorney be directed to cause due notice of the laying out of such street "across" the tracks occupied by the Delaware, Lackawanna & Western Railroad Company, etc.; so that the intention is obvious. And the language used is sufficient to make the intention clear, and lays out said street, not only to the defendant's tracks, but across them. The street has been duly and lawfully laid out. The defendants have been notified, as the law requires. The street has been constructed up to the line of their tracks. It is their duty to take it across them, "as shall be most convenient and useful for public travel." The manner of doing it, and at what grade, is a detail with which we have nothing to do at present, and that the plaintiff cannot dictate or determine.

The judgment is affirmed, with costs. All concur.