NEW YORK MUNICIPAL RY. CORPORATION et al. v. PARKHILL et al. SAME v. COHEN et al. SAME v. BROWNELL et al.

(Supreme Court, Special Term, Kings County. December, 1913.)

1. EMINENT DOMAIN (§ 191*)—CONDEMNATION—SUFFICIENCY OF PETITION.

A petition to condemn for street railroad purposes the fee in a 25-foot strip adjoining petitioner's right of way, and certain easements in a 10-foot strip, and adjoining land, described the land, and continued "together with the right * * * to enter upon, construct, and maintain upon the following described parcel of land, a retaining wall * * * and such other structures as may be necessary in the conduct of petitioner's business in the operation of its railroad, substantially as delineated in Schedule D, hereto attached, * * * together with the right to enter upon and disturb any lands adjacent to said last-described parcel, so far as the same may be necessary to install the wall delineated on Schedule D, provided, however, that the petitioner restores said adjacent lands to the condition that the same are now in with the exception of the existence of the said retaining wall," etc.; it being understood that petitioner will protect that part of the building now erected on the parcel above elevation 21 feet above Brooklyn Highway Datum. *Held*, that the description of the property was not sufficient within the statute requiring a specific description by metes and bounds; the provision "substantially" as delineated in Schedule D not being sufficiently specific in view of a definite limit not being placed on the height and depth of the structure, and the petition not showing exactly how the adjacent lands will be affected.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 509–518; Dec. Dig. § 191.*]

2. EMINENT DOMAIN (§ 194*)—PROCEEDINGS—AMENDMENT OF PETITION.

If an amendment be granted to the petition in proceedings by a street railroad company to condemn land for street railroad purposes so as to make it definite in describing the property to be affected, after a decision holding the description insufficient, the proceeding may stand and be continued.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 523; Dec. Dig. § 194.*]

In the matter of the petition of New York Municipal Railway Corporation and another against Samuel J. Parkhill and others, to condemn

land for railroad purposes.   On preliminary objection to the petition. Objections sustained.

George D. Yeomans, of Brooklyn (Charles L. Woody, of Brooklyn, of counsel), for petitioners.

Skinner & Bermant, of New York City (Isaac E. Bermant, of New York City, of counsel), for property owners.

BENEDICT, J.   These are three proceedings for the condemnation of real property for railroad purposes.   The petitioner seeks to acquire the fee of a 25-foot strip adjoining the present right of way of the New York and Sea Beach line, and also certain easements in an additional 10-foot strip, together with certain temporary easements in the adjoining land, all of which are described in the respective petitions as follows:

"Together with the right, privilege, and easement to enter upon, construct, and forever maintain upon the following described parcel of land a retaining wall, platforms, coverings, stairways, columns, foundations, conduits, sewers, and such other structures as may be necessary in the conduct of the petitioner's business in the operation of its railroad, substantially as delineated in Schedule D, hereto attached and made a part hereof, subject to the right of the owner thereof to use the surface above the elevations as shown on said Schedule D, so long as such use does not interfere with the construction and maintenance of said retaining wall, platforms, coverings, stairways, columns, foundations, conduits, sewers, and other structures."

Then follows a description by metes and bounds of the 10-foot strip, after which the description continues:

"Together with the right to enter upon and disturb any lands, adjacent to said last-described parcel of real estate, so far as the same may be necessary to install said retaining wall and structures delineated on Schedule D, provided, however, that the petitioner restores said adjacent lands to the condition that the same are now in, with the exception of the existence of said retaining wall, platforms, coverings, stairways, columns, foundations, conduits, sewers, and other structures; it being expressly understood that the petitioner will shore up, protect, and save harmless that portion of the building or buildings now erected on said last-described parcel above elevation 21 feet above Brooklyn Highway Datum."

[1] Preliminary objection is made by certain property owners whose lands are affected that this description is too indefinite to be in compliance with the statute, which requires:

"A specific description of the property to be condemned, and its location, by metes and bounds, with reasonable certainty."

In view of the construction of this provision by the Court of Appeals in Bell Telephone Co. v. Parker, 187 N. Y. 299, 79 N. E. 1008, I think the preliminary objection must be sustained.   In that case the petitioner was seeking to condemn a right of way for a telephone line, and the description of the property and rights sought to be condemned, after specifying the height and size of the poles, the length and position of the cross-arms, etc., added the words:

"With the right to trim such trees as *may be necessary* to protect said line from interference."

This last clause was held to be too indefinite, the court, by Willard Bartlett, J., saying:

"Such a statement conveys no idea of the extent of the contemplated invasion. In the present proceeding, while the location of the poles and the situation of the crossbars thereon would give the property owner all needful information as to the proximity of the poles to the trees along the route, he would be left wholly in the dark as to the distance which the telephone company proposed to maintain between the wires and any portion of such trees as 'necessary to protect said line from interference.' He might suppose, for example, that if a tree was so trimmed that no branches should approach within a foot of the line, the safety of the line would be maintained, whereas, on the other hand, the officers of the telephone company might insist that it was essential to safety to trim away a tree so that no part of it should be nearer than five or ten feet from the line. The precise distance which the condemning party deems necessary to maintain the safety of the line must be actually known to the officers or engineers of this telephone corporation. That distance will have to be disclosed to the commissioners in order to enable them justly and fairly to assess the damage sustained by the property owner; and it should be stated in the petition, in order that the property owner may be informed in advance as to the extent of the interest which the condemning party seeks to acquire, and in order that the commissioners may be similarly guided in measuring their award. It is not enough in a proceeding to condemn an interest in land for public purposes to describe the interest sought to be acquired so vaguely as to leave it dependent upon the undisclosed opinion of the condemning party as to the quantum of the interest which it may be deemed necessary to take."

This language is clearly applicable to the case at bar. So far as the proposed permanent easement is concerned, it remains doubtful just how far the defendants' rights will be invaded, because the easement sought is to erect certain structures *"substantially* as delineated in Schedule D," annexed to the petition. I do not think there would be any objection to this, if a definite limit were to be placed upon the depth and height of the structures. But as that is not done, the use of the word "substantially" might permit a variation of two or three feet in this respect, to the prejudice of the defendants. With respect to the temporary easements to disturb adjacent lands during the construction of the retaining wall proposed to be erected upon the ten-foot strip, I think the petition should set forth exactly how far it is proposed to invade the adjacent lands, and what it is proposed to do thereon in connection with the work of construction. Only in this way can the commissioners be advised with sufficient certainty of the rights purposed to be taken or impaired to estimate with reasonable accuracy the damages to be awarded; and only so can the adjacent property owner be adequately protected from undue aggression during the progress of the work. There is no reason why the petitioner cannot set forth these matters now as well as later.

[2] The preliminary objection is therefore sustained to the extent above indicated, with leave to the petitioner to apply for an amendment of the petition. If the same be granted the present proceeding may stand and be continued. Dexter & Northern R. R. Co. v. Foster, 64 Misc. Rep. at p. 503, 119 N. Y. Supp. 731.