Matter of the Application of the CITY OF ROCHESTER to Acquire Certain Lands in the Town of Livonia, Livingston County, and in the Town of Canadice, Ontario County, N. Y.

(Supreme Court, Monroe Special Term, June, 1917.)

City of Rochester — charter of — ordinances of — municipal corporations — constitutional law — condemnation proceedings — statutes.

> The legislature may authorize a municipality to acquire property outside its boundaries for proper municipal purposes.
>
> The legislature may authorize the acquisition by a city for municipal purposes of land around an inland lake navigable in fact but not in law although such acquisition may prevent access to the lake except by permission of the city.
>
> Under the general title "An act constituting the charter of the city of Rochester" special proceedings relating to the condemnation of real property applicable to property outside the city may be incorporated in the charter without offending article 3, section 16 of the state Constitution relating to the passage of private or local bills with subjects not embraced in their titles.
>
> Under article 1, section 7 of the state Constitution the legislature may prescribe that at least one of the commissioners appointed by the court in proceedings to acquire lands outside the boundaries of a city shall be a resident and freeholder

of the city not interested in any of the property to be taken or of kin to any person interested therein.

Sections 444 and 446 of the charter of the city of Rochester authorizing an appeal only by the city from the "disapproval" or non-confirmation by the common council of the report of the commissioners of appraisal and an appeal only by property owners from its confirmation by the common council do not offend the constitutional provision relating to the equal protection of the laws where the court on an appeal in either case is authorized to confirm or set aside the award as to any party and remit the proceedings to the same or new commissioners for further action.

Section 444 of the charter of the city of Rochester authorizing the discontinuance and abandonment of condemnation proceedings by the common council upon a consideration of the report of commissioners of appraisal and making its action a bar for one year thereafter to the institution of new proceedings to acquire the same property does not offend the constitutional provision relating to just compensation or due process of law.

Section 444 of the charter of the city of Rochester providing for the confirmation of the report of the commissioners of appraisal by the common council instead of by the court is constitutional.

The question of the public use of property sought to be condemned is a judicial one but the necessity of the property for such use is an administrative one.

Where lands are sought for the purpose of protecting an existing water supply of a city the approval of the conservation commission is not necessary.

Under section 436 of the charter of the city of Rochester the board of estimate and apportionment is not required to fix a price for lands sought to be condemned in advance of negotiations and it is a sufficient negotiation if the property owner offers to sell at a price which is unsatisfactory to the board of estimate and apportionment.

Property sought to be condemned must be described with reasonable certainty and references to deeds and other papers for boundary lines and other uncertain descriptions are insufficient.

Under section 438 of the charter of the city of Rochester authorizing amendments of the proceedings to correct defects

or informalities the original ordinance adopted by the common council may be amended so as to correct errors in the description of the property taken and make it conform to the map filed provided the land taken is not substantially increased or decreased.

Every presumption is in favor of the validity of the provisions of a city charter and they should be upheld unless there is a substantial departure from the organic law.

APPLICATION for the appointment of commissioners of appraisal.

B. B. Cunningham, corporation counsel (Arthur G. Dutcher, of counsel), for city of Rochester, for application.

Havens & Havens (James S. Havens, of counsel), for Alexander M. Holden and Eleanor Holden.

Robbins, McLean & Duffy (Fred A. Robbins, of counsel), for Edward C. Brown and E. Mary Brown, Charles M. Barnes, Gertrude B. Scott and Sarah Barnes.

Charles Ward, for Don C. Ward and Martha Ward, Lewis Gates, Emily Gates, Edward B. Woodruff, Isabelle Woodruff and Rodney Gibbs.

Charles D. Newton, guardian ad litem for Gertrude Scott, Rufus B. Scott and Florence Scott.

RODENBECK, J.   This is an application for the appointment of commissioners of appraisal in proceedings taken by the city of Rochester to acquire certain lands in the town of Livonia, Livingston county, and in the town of Canadice, Ontario county.

There are many objections urged against the proceedings by the property owners who have appeared but they may all be grouped under the claims that the

legislature could not confer upon the city the authority to take the lands in question; that this power if it exists has been unconstitutionally conferred upon the city and, finally, that the proceedings outlined in the charter have been irregularly followed and are so defective as to render the proceedings void.

(1) The claim that the legislature had no power to confer authority upon the city to acquire the lands in question is unfounded. The state has the power to acquire any lands necessary for public purposes and may delegate that power to a municipality. A city may be authorized to acquire lands for municipal purposes not only within but without its boundaries. *Matter of City of New York*, 99 N. Y. 570. The charter of the city expressly confers authority upon the city to acquire by condemnation property outside the limits of the city as the purposes of the corporation may require. City Charter, § 2; Laws of 1907, chap. 755, § 2; *Matter of City of New York*, 99 N. Y. 570.

(2) The fact that these lands border upon Hemlock lake and if acquired might prevent access to the lake except with the permission of the city does not affect the authority of the legislature. Hemlock lake is a navigable stream in fact but not in law. The land around the lake to the water's edge may be the subject of private ownership and as such may be acquired by the state or by any municipality upon which the state has conferred suitable power. *Fulton Light, Heat & Power Co.* v. *State,* 200 N. Y. 400. The courts have heretofore confirmed the authority of the city to draw water from Hemlock lake upon making just compensation therefor (*Smith* v. *City of Rochester,* 92 N. Y. 463), and the vesting of the right in the city to acquire lands around the lake is merely an exercise of the power of the legislature to confer upon the city

not only the right to acquire a pure and wholesome supply of water but to protect it from pollution by the acquisition of surrounding lands which may prove a source of contamination.

(3) Assuming, however, that the legislature had the power to confer upon the city the authority to take these lands it is contended that the city charter violates article 3, section 16 of the state Constitution in that it embraces more than one subject which is not expressed in the title. The charter of the city was passed under the caption "An act constituting the charter of the city of Rochester," and under this title any provision may be incorporated which may be required to confer upon the city authority to preserve the peace, good order and health of the city, to promote its growth and prosperity and to raise revenues for its government. *Louisiana* v. *Pilsbury,* 105 U. S. 289. These subjects would include provisions relating to the acquisition of lands outside of the boundaries of the city for municipal purposes and the regulation of the procedure therefor. The general proceedings for the condemnation of property might have been incorporated in the charter by reference but instead thereof special proceedings were provided. The latter course does not offend the Constitution since the proceedings relate to the acquisition of property for municipal purposes and affect the health, growth and prosperity of the city. *Willis* v. *City of Rochester,* 95 Misc. Rep. 686.

(4) The provision of the charter is attacked which provides that at least one of the commissioners of appraisal shall be a resident and freeholder of the city. City Charter, § 438; Laws of 1907, chap. 755, § 438. It is claimed that this provision violates article 1, section 7 of the state Constitution which requires that the commissioners shall be appointed by a court of record. It is to be observed that the Con-

stitution provides that the appointments shall be made " as shall be prescribed by law " leaving some latitude to the legislature with respect to prescribing the qualifications of the commissioners. This section of the Constitution does not vest the appointment in the courts without limitations or restrictions. The legislature may impose such qualifications for the commissioners, including residence, as may be reasonable and just. Under the common law a resident or taxpayer of a city would have been disqualified from serving as such a commissioner but this disqualification may be and has been removed by statute in this instance. The statute provides that the commissioners shall be freeholders of the judicial district in which the property is situated. This is a restriction itself upon the power of appointment and is equally invalid if the restriction complained of is void. The spirit of the section is that the owners of property shall have a fair and impartial hearing before commissioners to be appointed by the court but this section does not attempt to designate the qualifications of the commissioners. In this instance the legislature has provided that they shall all be freeholders of the judicial district not interested in any of the property sought to be taken or of kin to any person having any interest therein, but that at least one of them shall be a resident and freeholder of the city. This is not an unreasonable restriction and does not impair the right of the property owner to a fair and impartial hearing. It is not unusual for residents and taxpayers of a city to sit as jurors in cases in which the city is involved and in this instance at least two of the commissioners may be appointed by the court outside of the boundaries of the city and may come from the very locality where the property is situated. If the legislature has the power to prescribe the district or territory from

which the commissioners shall be appointed, as I think it has, it may provide that one of the commissioners shall come from the city interested in the proceedings.

(5) The claim is made that the provisions of the charter (City Charter, §§ 444, 446, as amd. by Laws of 1911, chap. 384) deny to the property owners the equal protection of the laws under article 14, section 1 of the federal Constitution in that the provisions of the charter discriminate against the property owners with reference to the right of appeal. The city is given the right to appeal where the report of the commissioners is disapproved, that is, where the city refuses to confirm the report. This right was undoubtedly given to the city to provide for cases where in the judgment of the city the awards were excessive or the proceedings were irregular in some respect but where there are several parcels taken it may occur that the awards are excessive as to some but insufficient as to others. However, on the hearing of an appeal the court is empowered to confirm or annul the award as " to any party or parties or to all of them " and may direct a rehearing before the same or new commissioners. City Charter, § 447; Laws of 1907, chap. 755, § 447, as amd. by Laws of 1911, chap. 384. The property owner whose award may be insufficient is thus protected on appeal taken by the city. If no appeal is taken the disapproval would act as a rejection of the report and a discontinuance and abandonment of the proceedings. Where the report is confirmed by the common council an appeal is given to the property owner. City Charter, § 446. It is assumed that where the report is confirmed the awards are satisfactory to the city but they may be deemed insufficient by the property owner and hence in such a case a right to appeal has been given to the property owner. On this appeal the city will have a right to be heard just as the property owner

has the right to be heard where the appeal is taken by the city. City Charter, § 447. These provisions in view of the power to review the entire report on either appeal sufficiently protect the right of the parties and afford no objection that there is a discrimination depriving any party of the equal protection of the laws.

(6) The property owners insist that the provision relating to the abandonment of the proceedings (City Charter, § 444, as amd. by Laws of 1911, chap. 384) is unconstitutional in that it may operate to deprive property owners of their property without due process of law. It is urged that it permits the city to reject the report of the commissioners and renew the proceedings after the expiration of one year and that the repetition of this course might result in taking property without just compensation. Municipalities must have the right to discontinue and abandon public improvements and all property is held subject to this right. It would be against public policy to hold that having once begun its proceedings a municipality must carry them through to a finality. Still a city can not be permitted to abandon its proceedings arbitrarily and renew them at will. *Schneider* v. *City of Rochester,* 160 N. Y. 165. This the charter does not authorize. It provides that when the report comes before the common council it must assign a time for hearing objections to the confirmation and at the time assigned must hear the allegations of all persons interested who appear and may take proof in relation to it from time to time. City Charter, § 444, as amd. by Laws of 1911, chap. 384. Under this procedure as a prerequisite, it may confirm or refuse to confirm the report or it may reject the report in which case the proceedings shall be considered abandoned and discontinued. Thus the city can not arbitrarily discon-

tinue its proceedings. There must be some reason for such discontinuance. It may be due to a change of policy or it may be due to some irregularity or defect in the proceedings which makes it necessary to start anew but where the report is rejected the city is barred for one year from instituting new proceedings to acquire the same lands. It is merely a question whether or not this provision is reasonable. It is unnecessary that the abandonment should be absolute. The city may be authorized to renew its proceedings within a reasonable time after the rejection of the report. All property is held subject to condemnation and inconvenience and pecuniary damage must be borne for the public good. In many proceedings damages are sustained and expenses are incurred which are not recoverable but this fact does not destroy the statute authorizing the proceedings. The statute is not objectionable because an appeal is not permitted from the action of the common council discontinuing or abandoning the proceedings. If a municipality acts in good faith its right to discontinue and abandon public improvements can not be questioned because of any expense that the property owner has incurred or because of the failure to give him the right to appeal in order to question the propriety of the action of the common council. The provision relating to the renewal of the proceedings after the expiration of a year from the action of the common council in rejecting the report is not open to the constitutional objection urged against it. *Matter of Commissioners of Washington Park*, 56 N. Y. 144.

(7) It is urged as an objection against the validity of the statute that the confirmation or disapproval of the report is vested in the common council instead of in the courts and that the city is thus made the judge of its own proceedings. This is not a valid objection.

The rights of property owners are amply protected by the appeal authorized and the power of the court to review the proceedings and awards made to any party. The extent to which the legislature may go in authorizing the condemnation of private property is well illustrated in the proceedings taken by the state to acquire property for its own use. These proceedings have existed substantially in their present form for many years and their constitutionality is firmly established and in those proceedings the state takes possession of the property before notifying the property owner. The notification consists of the filing of a map and service of a copy describing the property of which possession has been taken and the property owner is then required to file a claim before a state board. The board makes its report and the property owner or the state may then appeal from the report. The court of claims has also held that the state may abandon in whole or in part an appropriation, upon making compensation for damages resulting from the occupancy, since the title does not vest in the state until the filing of the report of the court. It is true that the Constitution expressly permits these proceedings in the case of the state before a special board created by the legislature but it nowhere restricts the power of the state to provide for the proceedings taken by the municipalities, except the general provisions with reference to the manner of appraisal, just compensation, the equal protection of the laws and due process of law.

(8) The remaining objections of the property owners relate to the regularity of the proceedings taken by the city. The claim that there is no necessity for the land sought to be taken is not open to question. *Matter of Fowler,* 53 N. Y. 60; *Matter of City of Buffalo,* 189 id. 163, 169; *Matter of Townsend,* 39 id. 171;

*People ex rel. Herrick* v. *Smith,* 21 id. 595; *Matter of City of New York (Ely Ave.),* 217 id. 45, 57; *Matter of Bensel,* 140 App. Div. 257, 264. Property owners may dispute the public use for which property is sought to be acquired but where the use is public the necessity for it is an administrative rather than a judicial question. *Matter of Deansville Cemetery Assn.,* 66 N. Y. 569, 572; *Matter of City of Buffalo,* 15 N. Y. Supp. 123; *Matter of Niagara Falls & Whirlpool R. Co.,* 108 N. Y. 375.

(9) The proceedings were not required to be approved by the conservation commission. They do not involve the taking of new or additional sources of water supply. *Queens County Water Co.* v. *O'Brien,* 131 App. Div. 91.

(10) The claim that the charter provision with respect to negotiations has not been complied with is not well founded. These provisions do not contemplate the approval of the price to be paid for the property by the board of estimate and apportionment in advance of the negotiations. City Charter, § 436; Laws of 1907, chap. 755, § 436. The language employed is a limitation upon the power of the commissioner of public works confining him to prices that may be approved by the board of estimate and apportionment. *Matter of City of Rochester,* 82 Misc. Rep. 598, 607. The intention of the section is that before any agreement made by the commissioner shall be binding the price to be paid shall be approved by the board of estimate and apportionment. The proceedings sufficiently show a compliance with the charter relating to negotiations. It was not necessary that an offer should be made. It is sufficient if the price asked by the property owners is unsatisfactory to the city. *Matter of Prospect Park & C. I. R. R. Co.,* 67 N. Y. 371, 377.

(11) The claim that the property is not sufficiently described in the original ordinance however is well taken. The rule requires that the property shall be described with reasonable accuracy. This has not been done. No monuments are referred to in the original ordinance and distances are qualified by the use of the word "about." Crooked lines shown on the map are not described in detail so that they can be followed on the ground. Lines can not be located except by an examination of deeds and may vary according to their construction. The property owner is entitled to know with reasonable certainty what lands are to be taken from him. The descriptions contained in the original ordinance were too uncertain to form the basis of the proceedings and the objection of the property owners in this respect was well taken. *Matter of N. Y. C. & H. R. R. R. Co.,* 70 N. Y. 191; *Matter of N. Y. C. & H. R. R. R. Co.,* 15 Wkly. Dig. 201; *Matter of Water Commissioners,* 96 N. Y. 351; *Bell Telephone Co.* v. *Parker,* 187 id. 299; *New York Mun. R. Corp.* v. *Parkhill,* 145 N. Y. Supp. 447; *Matter of Roe,* 59 Misc. Rep. 535; *Dexter & Northern R. R. Co.* v. *Foster,* 64 id. 500; *City of Syracuse* v. *Staccy,* 86 Hun, 441, 452; *Lawton* v. *City of New Rochelle,* 114 App. Div. 883; *Scriver* v. *Smith,* 100 N. Y. 471; *Hayden* v. *State,* 132 id. 533.

(12) Since the adoption of the original ordinance however and while this application was pending the city corrected the defects in the descriptions of the property under the authority of section 438 of the city charter by adopting an amendatory ordinance designed to obviate the objections made in this respect. The amendatory ordinance does not purport to increase or decrease the property described in the original ordinance but seeks to make the descriptions conform to the map filed by the city and thus carry out the inten-

tion of the city with reference to the lands taken. No claim has been made that the new descriptions change substantially the property intended to be taken under the descriptions in the original ordinance but the power of the city to amend this ordinance is questioned. The city would have no power to make any substantial change in the descriptions (*Matter of Public Service Commission*, 217 N. Y. 183; *Matter of New York & W. S. R. R. Co.*, 89 id. 453), but no such change is made and in this instance the amendment comes within the legislative authority vested in the city to amend defects and informalities in the proceedings. *Matter of Bensel, supra; Brooklyn Union El. R. R. Co.* v. *Valance*, 123 App. Div. 687.

(13) In reviewing the objections raised to the proceedings the court has had in mind the rule to be followed where legislation is attacked as unconstitutional that every presumption is in favor of the validity of the act and that it is to be upheld unless there is a substantial departure from the organic law (*People ex rel. City of Rochester* v. *Briggs*, 50 N. Y. 553, 558) and that where there is room for two constructions of a statute the court must in deference to the legislature of the state assume that it did not overlook the provisions of the Constitution and that it designed the act to take effect. *Matter of New York & Long Island B. Co.*, 148 N. Y. 540, 551. With the propriety or wisdom of the legislation the court has nothing to do, that power having been committed by the Constitution to the legislative department of the government.

The objections made to the proceedings herein are overruled and commissioners of appraisal will be appointed in accordance herewith.

Ordered accordingly.